UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRECTV, INC.,  )
                )
       Plaintiff )
                )
v.              )    Civil Action 3:03CV0518-DJS
                )
                )
CHARLES DESKIN et al., )
                )
       Defendant )

### DEFENDANT PAUL CIOTTI'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a), defendant Paul Ciotti hereby moves for summary judgment on all counts of the complaint. There is no genuine issue as to any material fact relative to said counts, and he is therefore entitled to summary judgment as a matter of law.

### Summary of the Action

According to the complaint, plaintiff "is the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States." Complaint, ¶1. Plaintiff "encrypts, or electronically scrambles, its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming." Complaint, ¶2. Thus, "[e]ach customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted formal (i.e., unscrambled) those channels to which the customer

has subscribed or otherwise made arrangement to purchase from DIRECTV." Complaint, ¶2.

In this action, DirecTV claims that defendant illegally intercepted its satellite signal without paying for same and, moreover, that he assisted other persons in doing so (Complaint, ¶¶14, 18), allegations which defendant adamantly denies. Plaintiff has no direct evidence of any such interception (see discussion at pp. 3-8 , *infra*). To the contrary, plaintiff's only basis for bringing this lawsuit is defendant's purchase of a certain device - an "unlooper" - which plaintiff calls a "pirating device." Complaint, ¶¶6, 8. Plaintiff contends that this purchase alone constitutes sufficient evidence that defendant actually intercepted a satellite signal in violation of the federal statutes set forth in the complaint. Moreover, plaintiff alleges that defendant's mere possession of this item permits it to recover damages.

## ARGUMENT

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If the moving party carries its burden of demonstrating that there is an absence of evidence to support a claim, then in order to avoid summary judgment the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" only exists if a reasonable fact-finder could return a verdict for the non-moving party.

## I. AS A MATTER OF LAW, THERE IS INSUFFICIENT EVIDENCE TO ESTABLISH THAT DEFENDANT VIOLATED 47 U.S.C. §605(a).

Count I of its complaint alleges that defendant received and assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of the Federal Communications Act, 47 U.S.C. §605(a). This statute provides in pertinent part:

> (a) No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication for his own benefit or for the benefit of another not entitled thereto.

Satellite television transmissions are covered under the Act. *See, e.g., United States v. Harrell,* 983 F.2d 36 (5th Cir. 1993).

The plain language of the statute makes clear that it is violated only by actual interception (or assistance in interception), and a number of courts have so held. *See, e.g., TWC Cable Partners v. Conzo,* 1997 WL 1068670 at 2 (E.D.N.Y. 1997)("In order to establish violations of 47 U.S.C. §§553(a)(1) and 605(a), plaintiff would have to show that defendant intercepted or received communications offered over plaintiff's cable system through the use of equipment capable of receiving satellite programming."); *V Cable Inc. v. Guercio,* 148 F. Supp. 2d 236, 242 (E.D.N.Y. 2001)(holding mere possession of "pirate" descrambling devices does not violate §605(a)); *Smith v. Cincinnati Times-Star,* 475 F.2d 740, 741 (6th Cir. 1973)("section 605 . . . is violated only when a person both intercepts and divulges a communication"); *United States v. Herring,* 933 F.2d 932, 937 (11th Cir. 1991), *rev'd on other grounds,* 993 F.2d 784 (11th Cir. 1993);

3

*California Satellite Systems v. Seimon*, 767 F.2d 1364 (9th Cir. 1985). Moreover, the Act provides that a civil action to recover damages may only be brought by a "person aggrieved" by a violation of §604(a). 47 U.S.C. 605(e)(3)(A). A "person aggrieved" is defined by the Act as "any person with proprietary rights in the intercepted communication by wire or radio . . . " 47 U.S.C. §605(d)(6).

Here, the undisputed facts reveal that, as a matter of law, plaintiff lacks sufficient admissible evidence to sustain its claim that defendant intercepted any satellite signal without authorization. Moreover, even if, *arguendo,* plaintiff could establish that defendant intercepted a signal, as a matter of law plaintiff cannot establish that it was *plaintiff's* signal that was intercepted, as it is required to do.

Based on the pleadings, discovery responses, and affidavit of the defendant, the following material facts are undisputed:

(i) The device purchased by defendant on or about March 7, 2001 (an "unlooper") allows a user to program and write "smart cards." A "smart card" is a plastic, credit card-size card which contains a small chip that can be programmed with electronic data, such as a password and other security information; the card is inserted into or "swiped" through an appropriate reader for verification. "Smart cards" have numerous legitimate uses, including security applications. Defendant's Affidavit, ¶¶2, 3.

(ii) Defendant purchased the unlooper to use in connection with his job as the network administrator for a financial software company. At the time defendant was also assisting the security department of the building in which his company was located in improving the building's "key card" access system. The "key card" was a kind of "smart card." Defendant's Affidavit, ¶2. Defendant's purchase of the unlooper had nothing to do with

4

receiving or intercepting plaintiff's satellite signal, or the satellite signal of any broadcaster. Defendant's Affidavit, ¶¶4, 6.

(iii) The unlooper purchased by defendant did not come with any directions or software, and defendant was not able to use it. He put it back in its box about a month after receiving it, and has not taken it back out since. Defendant's affidavit, ¶3.

(iv) Until being sued in this case defendant had no idea that an unlooper could be used to help intercept a satellite signal. The website from which he purchased it made no mention of such fact. Defendant's Affidavit, ¶4.

(v) At no time did plaintiff observe defendant intercept its signal. Plaintiff's Response to Defendant's Request for Admissions, Number 1.[1]

(vi) Plaintiff has no evidence that defendant assisted third parties in receiving plaintiff's satellite signal. Plaintiff's Response to Defendant's Request for Admissions, Number 6.

(vii) At no time did plaintiff observe defendant modifying or using the unlooper. Plaintiff's Response to Defendant's Request for Admissions, Number 2.

(viii) Plaintiff has no knowledge of what, if any, signals or programs defendant allegedly intercepted without paying for same. Plaintiff's Response to Defendant's Request for Admissions, Number 4.

(ix) Plaintiff admits that an unlooper cannot alone intercept a satellite television signal: "The emulator [unlooper] is a device which does not alone receive signals . . . " Plaintiff's Answer to Interrogatory No. 6. In fact, plaintiff acknowledges that a number of pieces of specialized equipment are necessary to receive plaintiff's signal, along with special software:

---

[1] Defendant's Requests for Admissions and Plaintiff's Responses are appended hereto as Exhibits A and B, respectively.

> 5. Identify and describe why Defendant [CLIENT] must possess all of the DSS Hardware to receive DIRECTV satellite programming, authorized or not.
>
> Answer. In order to access DIRECTV programming legally the CLIENT[defendant] must have hardware that can interface through software with DIRECTV's encrypted programming signals. The equipment includes, but is not limited to a small satellite reception dish, an access card and IRD (Integrated Reception Device), which is to be connected to a telephone line.

Plaintiff's Answers to Interrogatories, Number 5.[2]

(x) Plaintiff has no evidence that defendant ever possessed, manufactured or created any computer programs or scripts capable of being used to illegally intercept plaintiff's satellite signal. Plaintiff's Response to Defendant's Requests for Admissions, Number 10.

    These facts can lead to only one conclusion: as a matter of law, plaintiff cannot sustain its burden on summary judgment of setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The threshold, and dispositive, issue is that plaintiff has no evidence whatsoever that defendant actually intercepted its signal. Indeed, there are no facts which even suggest defendant used the device in any unlawful manner, much less to intercept a satellite signal; moreover, plaintiff has absolutely no evidence as to what, **if any**, satellite programming defendant intercepted. Therefore, plaintiff cannot establish a violation of the statute as a matter of law. Finally, it cannot be seriously disputed that plaintiff is not a "person aggrieved" within the meaning of 47 U.S.C. §605(d)(6): lacking any evidence of actual interception, and lacking any evidence as to the nature and/or source of any intercepted signal, plaintiff is

---

[2] Plaintiff's interrogatory answers are appended hereto as Exhibit C.

utterly unable to show that it has any "proprietary rights" in any intercepted communication.[3]

The facts here thus mirror those present in *DirecTV v. Bush,* Case H-03-1765 (S.D. Tex., Oct. 24, 2003) and *DirecTV v. McFadden,* Case 1:02-CV-924 (W.D. Mich., Oct. 22, 2003), where defendants were both awarded summary judgment since the only "evidence" of actual interception offered by DirecTV was the defendant's purchase of a device which could allegedly be used to help steal a signal. In *Bush,* the defendant acknowledged purchasing a product known as a "Boot Loader" which DirecTV contended was a so-called "pirate" device described in 47 U.S.C. §605(e)(4). Nonetheless, the court ruled the defendant was entitled to summary judgment because "DIRECTV has offered nothing more than [defendant's] alleged admission that he bought a device that DIRECTV contends is capable of intercepting its satellite signals in an unauthorized manner." Memorandum and Order, at 7-8. The facts of the case at bar dictate a similar conclusion. Indeed, Mr. Ciotti has a **stronger** case for summary judgment since DirecTV has acknowledged that the device in question – the so-called "unlooper" – **cannot** alone intercept a satellite signal. Plaintiff's Response to Defendant's Answer to Plaintiff's Interrogatory Number 5. Similarly, in *McFadden,* defendant acknowledged purchasing an allegedly "pirate access device." However, he attested that his purpose in obtaining the device was "to access and view charges placed on his personal credit cards," and that it was never used to intercept a satellite signal.

---

[3] In this respect, a satellite broadcaster – whose signal is dispersed over an extensive geographical area along with the signals of its competitors – is in a far different position than a cable operator, which generally has an exclusive franchise to provide service to a particular locale. Thus, in section 553 of the Act, which deals with cable transmissions, Congress did not deem it necessary to define the phrase "any person aggrieved." By contrast, given the very different nature and reach of satellite signals, potential claimants under s. 605 were expressly limited to those with a "proprietary interest" in the actual programming intercepted. *See, generally, Kingvision Pay-Per-View, Ltd. v. Rocca,* 181 F.Supp.2d 29, 34 (D.N.H. 2002).

7

The court ruled that since DirecTV had no evidence of actual interception, these unrefuted statements by defendant were sufficient as a matter of law to defeat plaintiff's claim under 47 U.S.C. §605(a), and summary judgment was granted. *See, also, DirecTV v. Fisher,* Case 6:02-3197-18 (D.S.C., Aug. 18, 2003) ("[e]vidence of possession of a pirating device alone does not raise a reasonable inference that defendant possessed the means and ability to intercept DIRECTV's satellite transmission in violation of 47 U.S.C. §605(a)); *DirecTV v. Uselton,* Case 3-02-1199 (M.D. Tenn., Dec. 10, 2003) ("[t]he mere possession of Pirate Access Devices . . . does not amount to the interception, disclosure or intentional use of another person's wire, oral, or electronic communication."). *Compare: Community Television Systems, Inc. v. Caruso,* 284 F.3d 430 (2nd Cir. 2002)(judgment for cable operator under 47 U.S.C. §605 affirmed where there was evidence that "descrambler unit" purchased by defendants was installed in defendants' home and specifically programmed to receive plaintiff's cable transmission, and defendants also invoked their fifth amendment privileges against self-incrimination on issues of purchase and use of unit). *Cf. Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 259 F.Supp.2d 1029, 1043 (C.D. Cal. 2003)(companies which distribute and support software having both lawful and unlawful uses cannot be held liable for copyright infringement "absent evidence of active and substantial contribution to the infringement itself").

Accordingly, there being no genuine issue of material fact, defendant is entitled to summary judgment as a matter of law on Count I of the complaint.

## II. AS A MATTER OF LAW, THERE IS INSUFFICIENT EVIDENCE TO ESTABLISH THAT DEFENDANT VIOLATED 18 U.S.C. §2511(1)(a).

In Count II of its complaint, plaintiff asserts that defendant is liable for violating the Wiretap Act, 18 U.S.C. §2511(1)(a), which establishes a cause of action if a person "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." Like its counterpart in the Federal Communications Act, this statute also requires actual (or attempted) interception, and plaintiff's claim therefore fails for the same reason that its claim under 47 U.S.C. §605 (a) is deficient: plaintiff simply does not have **any** admissible evidence that defendant intercepted, or attempted to intercept, plaintiff's satellite signal.[4]

Accordingly, defendant is entitled to summary judgment on Count II of the complaint.

## III. PLAINTIFF DOES NOT HAVE A PRIVATE CAUSE OF ACTION AGAINST DEFENDANT FOR ALLEGEDLY VIOLATING 18 U.S.C. §2512(1)(b)

Count III of the complaint alleges that defendant violated 18 U.S.C. §2512(1)(b), which is a criminal statute imposing penalties against a person who "manufactures, assembles, possesses, or sells any elecronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications." A private, civil cause of action for violating this statute can be found in 18 U.S.C. §2520(a), which provides in relevant part:

---

[4] Moreover, the fact that mere possession of an allegedly "pirate" device is insufficient to violate §2511(1)(a) is highlighted by the next sub-section of Title 18, which deals explicitly with possession.

9

> any person **whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used** in violation of [18 U.S.C. §§2510-2522] may in a civil action recover from **the person or entity which engaged in that violation** such relief as may be appropriate.

(emphases added). Thus, the plain language of section 2520(a) is that a cause of action for mere possession of an allegedly unlawful device only lies if the device has been used to actually intercept (or disclose, or use) an electronic signal, a conclusion buttressed by a substantial majority of the courts which have addressed the issue.[5] In what is believed to be the most recent pronouncement, the United States District Court for the Eastern District of Missouri ruled on January 12, 2004, as follows:

> The plain and unambiguous language of 18 U.S.C. §2520(a) limits those against whom a civil action lies to persons who intercept, disclose or intentionally use wire, oral, or electronic communications in violation of Chapter 119 of Title 18 of the United States Code.

*DirecTV v. Dino, supra,* at 6. The alternative urged by plaintiff would create a preposterous situation: multiple satellite broadcasters could each bring civil actions against the same owner/possessor of a device without the necessity of showing that any of them had been damaged in any way. Thus, as one court has explained:

> the **use** of an eavesdropping device, as outlawed by §2511, creates a victim, thereby justifying a private cause of action, but the mere **possession** of such a device, as banned by §2512, creates no individualized harm and, thus, no justification for private recovery.

*DirecTV v. Amato,* 269 F. Supp. 688, (E.D. Va. 2003). Indeed, plaintiff's assertion of a section 2512 claim without any evidence of actual interception is so contrary to the statutory language and intent that one court was prompted to remark: "DIRECTV's

---

[5] As one court euphemistically put it: "[t]his issue has been raised numerous times in the massive wave of litigation DirecTV has unleashed." *DirecTV v. Dino,* Case 4:03CV00335-ERW (E.D.Mo., Jan. 12, 2004).

imaginative interpretation of the plain language of §2520 borders on the surreal." *DirecTV v. Kahn,* Case CIV-03-507-WH (E.D.Ok., Dec. 12, 2003) . *See, also, DirecTV v. Jerolleman,* 2003 WL 22697177 (E.D. La. 2003)(calling DirecTV's position "illogical") and *DirecTV v. Beecher,* 2003 WL 23094715 *3 (S.D.Ind. Nov. 7, 2003)(calling DirecTV's position "an obvious and critical distortion of the statutory language").[6]

Accordingly, since DirecTV has not produced, and cannot produce, any evidence that defendant actually intercepted a signal or otherwise used the subject device in an unlawful manner, defendant cannot be sued under section 2520. Count III of the complaint therefore fails to state a claim upon which relief can be granted, and summary judgment must be awarded to defendant on said count.

## CONCLUSION

For all the above reasons, defendant has shown that there is no genuine issue of material of fact and that he is entitled to summary judgment as a matter of law on each count of the complaint.

Respectfully submitted:

Kenneth D. Quat
9 Damonmill Squre, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
CT #24512

---

[6] The *Beecher* decision resulted in the dismissal of all section 2512 claims asserted in 16 "cookie-cutter" lawsuits brought by DirecTV in the Southern District of Indiana, which cases had been consolidated for purposes of a motion to dismiss.

Connecticut address pursuant to Local Rule 83.1(c):

> Mirto, Ketaineck, Barrett & DiCrosta, P.C.
> P.O. Box 428
> West Haven CT 06516

### Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Wayne D. Lonstein, Esquire, Lonstein Law Office, P.O. Box 351, Ellenville NY 12428.

Dated: 1/22/04