

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRECTV, INC.,                          )
                                        )
              Plaintiff                 )
                                        )
v.                                      )          Civil Action 3:03CV0518-DJS
                                        )
                                        )
CHARLES DESKIN et al.,                  )
                                        )
              Defendant                 )

## AFFIDAVIT OF KENNETH D. QUAT, ESQUIRE

I, Kenneth D. Quat, Esquire, hereby depose and state on oath:

1. I am the attorney of record for the defendant, Paul Ciotti, in this action. I make this

affidavit on personal knowledge.

2. Attached to this Motion for Summary Judgment are true and complete copies of the

following documents:

  Exhibit A:  Defendant Paul Ciotti's First Set of Requests for Admission to
       Plaintiff;

  Exhibit B:  Plaintiffs [sic] Response to Request for Admissions from Defendant
       Ciotti;

  Exhibit C:  Answers to Interrogatories Interrogatories [sic] from Defendant Ciotti.

Signed and sworn to under the pains and penalties of perjury,


            Kenneth D. Quat

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

Then personally appeared before me Kenneth D. Quat and made oath that the matters contained in the foregoing affidavit are true and correct and that he signed same as his free act and deed.

_____
Notary Public STEPHEN E. MELTZER
M.C.E. 10/13/2006

Dated: January 20, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRECTV, Inc,                          )
                                       )
                 Plaintiff,            )         CIVIL ACTION 3:03CV00518-DJS
                                       )
v.                                     )
                                       )
              ,                        )
                                       )
CHARLES DESKIN et al.,                 )
              Defendant                )
_____    )

## DEFENDANT PAUL CIOTTI'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF

Defendant Paul Ciotti, by and through his undersigned counsel, pursuant to Fed. R. Civ. Proc. 36, hereby propounds to Plaintiff, DIRECTV, Inc. ("DIRECTV"), the following Request for Admissions, which will be due in thirty days from the date of service.

## I.      DEFINITIONS AND INSTRUCTIONS.

1.      The following request for admissions is made in accordance with Federal Rule of Civil Procedure 36. Each request is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the Court may allow or as the parties may agree to in writing, Plaintiff DIRECTV serves upon Defendant requesting the admission a written answer or objection addressed to the matter signed by DIRECTV or by DIRECTV'S attorney.

2.      If an objection is made, the reasons therefore shall be stated.

3.    Any answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

4.    A denial shall fairly meet the acceptance of the requested admission, and when good faith requires that DIRECTV qualify an answer or deny only part of the matter of which an admission is requested, DIRECTV shall specify so much of it as is true and qualify or deny the remainder.

5.    Lack of information or knowledge is not a reason for failure to admit or deny unless DIRECTV states that DIRECTV has made a reasonable inquiry and that the information known or readily obtainable by DIRECTV is insufficient to enable it to admit or deny.

6.    If DIRECTV considers that a matter of which an admission has been requested presents a genuine issue for trial, it may not, on that ground alone, object to the request.

7.    As employed herein, "Plaintiff" "you" "your" or "DIRECTV" will refer to DIRECTV, INC. its agents, attorneys, employees, and all other persons acting on its behalf.

8.    As employed herein, "Defendant" will refer to Paul Ciotti.

9.    As employed here, the term "observe" shall mean "see" or "hear," whether in person or otherwise.

## REQUESTS FOR ADMISSIONS

1.      DIRECTV did not at any time observe Defendant pirating its signals.

2.      DIRECTV did not, at any time, observe Defendant modifying or using the devices Defendant purchased as alleged in Paragraph 8 of the Complaint.

3.      DIRECTV has no evidence that Defendant possessed at any time all the DSS Hardware components which would enable him to receive DirecTV satellite programming signals whether authorized or unauthorized.

4.      DIRECTV does not specifically know what, if any, satellite programming signals or programs Defendant received without paying DIRECTV therefore.

5.      DIRECTV does not specifically know what, if any, actions Defendant took to assist third parties in receiving DIRECTV's signals without authorization and without payment as alleged in the complaint.

6.      DIRECTV has no evidence that Defendant assisted third persons in receiving DIRECTV satellite transmissions.

7.      In order to receive and view DIRECTV'S satellite programming signals whether authorized or not, Defendant must have had at the time of the alleged illegal interception(s) DSS Hardware consisting of a satellite dish, a satellite receiver and an access card.

8.      In order to receive and view DIRECTV'S satellite signals without authorization, Defendant must have had at the time of the alleged illegal interception(s) an illegally modified Access Card complete with programming necessary to illegally decrypt DIRECTV'S satellite programming signals.

9.      DIRECTV has no evidence that Defendant purchased, possessed, created or used an illegally modified Access Card.

10.     DIRECTV has no evidence that Defendant ever possessed, manufactured or created any computer programs or scripts capable of being used to illegally intercept DIRECTV'S satellite programming signals.

11.    The "Vector Super Unlooper" referenced in paragraph 8 of the complaint has other uses beside unauthorized reception of DIRECTV'S satellite programming signals.

12.    Other than allegedly ordering and receiving one "Victor Super Unlooper," DIRECTV'S basis for bringing this action does not involve any other actions by Defendant of which DIRECTV had evidence at the time of the filing of this action.

Kenneth D. Quat
132 Great Road, Suite 200
Stow MA 01775
978-823-0620
978-823-0621 (fax)
Conn. Fed. Bar Number: ct24512

Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Wayne D. Lonstein, Esquire, Lonstein Law Office, P.O. Box 351, Ellenville NY 12428.

Dated:  June 12, 2003

B

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

------------------------------------------------------------

DIRECTV, INC.
a California corporation,

               Plaintiff,

        - against -

CHARLES DESKIN,
PAUL CIOTTI, and
JESSE GRECO,

               Defendant(s).

**PLAINTIFFS RESPONSE TO
REQUEST FOR
ADMISSIONS FROM
DEFENDANT CIOTTI**

Civil No. 3:03-CV-0518-DJS

Plaintiff, by its attorneys, Lonstein Law Office, PC, upon information and belief as and for its response to the Request for Admissions served by Paul Ciotti respectfully states:

1.      Admit.

2.      Admit.

3.      Deny.

4.      Deny, plaintiff admits to not knowing the exact programming viewed however the device in his possession would allow him to access in excess of $ 75,000.00 in programming per month.

5.      Admit.

6.      Admit.

7.    Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand.

8.    Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand.

9.    Deny to the extent that defendant purchased the device alleged in the complaint, as well as the fact that he possessed a DSS dish, per se indicates that such equipment was in his possession.

10.    Admit presently, however, Plaintiff verily believes that upon receipt of defendants discovery responses, including his IP addresses, such information will be located.

11.    Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand. Such objections notwithstanding, DIRECTV seeks to prevent piracy of its signal by such actions such as this. The request seeks an expert opinion on an improper hypothetical that is not relevant to this dispute. Obviously, the devices in question could have many uses other than signal theft, such as acting as a paper weight or door stop. However, such uses are irrelevant for purposes of this lawsuit. DIRECTV further objects to this request to the extent it seeks to invade the consulting expert privilege. Subject to and without waiving the foregoing objections, DIRECTV claims are not based on possible legal uses, but instead are based on the primary purpose of the devices being for the surreptitious interception of DIRECTV satellite programming. However such an occurrence is possible, but not likely.

12.    Deny.

Dated: Ellenville, New York
    July 9, 2003

-2-

Yours, etc.

LONSTEIN LAW OFFICE P.C.

By:

Wayne D. Lonstein
Attorneys for Plaintiff
Office & P.O. Address
1 Terrace Hill, PO Box 351
Ellenville, New York 12428
Tel: (845) 647-8500

TO:    Kenneth D. Quat
       Attorney At Law
       132 Great Road
       Suite 200
       Stow, Massachusetts

## CERTIFICATE OF SERVICE

The undersigned duly certifies that the annexed document was duly served by United States mail, postage prepaid, upon the following on July 9, 2003:

Kenneth D. Quat
Attorney At Law
132 Great Road
Suite 200
Stow, Massachusetts

WAYNE LONSTEIN

-3-



UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

-----------------------------------------------------

DIRECTV, INC.
a California corporation,

          Plaintiff,

- against -

CHARLES DESKIN,
PAUL CIOTTI, and
JESSE GRECO,

        Defendant(s).

**ANSWERS TO INTERROGATORIES
INTERROGATORIES FROM
DEFENDANT CIOTTI**

Civil No. 3:03-CV-0518-DJS

1.    What is the name, address, social security number and official position of the person answering these interrogatories?

ANSWER:    Secure Signals International, LLC
By: Stanley F. McGinnis, CFE
Park Hill
2320 Elm Street
Denver, CO 80207
(303) 329-8800

-1-

2.    State the full name, and present business and residence addresses and telephone numbers of each individual known by you or your attorneys to possess knowledge of the facts relating to your allegations in your Complaint, and state the subject matter and brief summary of the matters on which he or she has knowledge.

ANSWER:            Defendants:

It is believed that defendants possess knowledge of their acquisition of and usage of illegal devices from Vector Technologies in the illegal interception of plaintiffs programming and signals.

Secure Signals International, LLC
Denver, Co.
By: Stanley F. McGinnis
(303) 329-8800

Mr. McGinnis will testify to his experience in the area of telecommunications theft, the value of programming available to persons who use such illegal devices, the nature of the Vector Technologies Devices and how they are used to intercept programming as well as the lack of any legitimate use for said devices.

DirectTV
2230 East Imperial Highway
El Segundo, California

By its employees and representatives will testify to the fact that defendant was not a subscriber to DIRECTV when the devices were acquired from Vector Technologies, the fact that said devices are only useful for the interception of Plaintiffs signals, the fact that the defendant only subscribed to programming services after he had been identified as pirating DIRECTV signals and programming.

3.    Identify with specificity all documents relating to your allegations in your Complaint, along with the custodian of those documents, including the full name of the custodian, their address and phone number.

ANSWER: Attached to the Plaintiffs response to Defendants Request for Production are all such documents the original Vector Technologies document as well as photographs of defendants residence with a satellite reception dish attached to the chimney thereof.

DIRECTV
2230 East Imperial Highway
El Segundo, California
Attn: Heidi Spangler
Signal Integrity Department
310-964-5477

4.    Identify and describe each and every item of damage you are claiming, including without limitation, a detailed explanation of the corresponding dollar figures associated with each damage item, and the calculations for how each category of damage and the amount was arrived at. If certain aspects of the damages have not been compiled or completed to date then provide a detailed description of what damage items are known and the figures compiled to date.

ANSWER: Plaintiff is electing statutory damages.

5.    Identify and describe why Defendant CLIENT must possess all of the DSS Hardware to receive DIRECTV satellite programming, authorized or not.

ANSWER:  In order to access DIRECTV programming legally the CLIENT must have such hardware that can interface through software with DIRECTV'S encrypted programming signals. The equipment includes, but is not limited to a small satellite reception dish, an access card and IRD (Integrated Reception Device), which is to be connected to a telephone line.

6.    Describe in detail the nature, function and purpose of "SU2 Code as set forth in paragraph 8 of the complaint.

ANSWER:  Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand. Such objections notwithstanding, the emulator is a device which does not alone receive signals, but rather is used in conjunction with the hardware above mentioned which this defendant admittedly owns.

7.  State each and every fact known to DIRECTV which supports, reflects on or contradicts the allegation in paragraph 8 of the complaint that the "Victor Super Unlooper" referred to came with, contained or included the "SU2 Code."

ANSWER:  The Vector Technologies Invoice Printout which is annexed to Plaintiffs Response to defendants request for production. In addition the web page content from Vector Technologies annexed to the said response also verifies said contention.Upon further information and belief, DIRECTV has acquired this information by admissions from its manufacturers in litigation entitled DIRECTV v. EQ Stuff, et al, 207 F. Supp. 2d 1077.

8.  State each and every fact known to DIRECTV which supports, reflects on, or contradicts the allegation in paragraph 14 of the complaint that defendant "received and assisted others in receiving DIRECTV's satellite transmission of programming without authorization.".

ANSWER:    The Vector Technologies Invoice Printout which is annexed to Plaintiffs Response to defendants request for production. In addition the web page content from Vector Technologies annexed to the said response also verifies said contention. Upon further information and belief, DIRECTV has acquired this information by admissions from its manufacturers in litigation entitled DIRECTV v. EQ Stuff, et al, 207 F. Supp. 2d 1077. Additionally the presence of a satellite reception dish at defendants premises

-4-

further confirms the allegations. In addition plaintiff reserves the right to amend and

supplement this answer upon receipt of defendants discovery responses

9.    State each and every fact known to DIRECTV which supports, reflects on, or

contradicts the allegation in paragraph 18 of the complaint that defendant used

any"pirate access device" to decrypt and view DIRECTV's satellite transmission

of televison programming."

ANSWER:    The Vector Technologies Invoice Printout which is annexed to Plaintiffs
Response to defendants request for production. In addition the web page content from Vector
Technologies annexed to the said response also verifies said contention. Additionally the
presence of a satellite reception dish at defendants premises further confirms the allegations. In
addition plaintiff reserves the right to amend and supplement this answer upon receipt of
defendants discovery responses.

10.    State each and every fact known to DIRECTV which supports, reflects on, or
contradicts the allegation in paragraph 18 of the complaint that defendant " endeavored to
intercept......DIRECTV's satellite transmission of television programming."

ANSWER:    The Vector Technologies Invoice Printout which is annexed to Plaintiffs

Response to defendants request for production. In addition the web page content from Vector

Technologies annexed to the said response also verifies said contention. Additionally the

presence of a satellite reception dish at defendants premises further confirms the allegations.

10.    State each and every fact known to DIRECTV which supports, reflects on, or
contradicts the allegation in paragraph 18 of the complaint that defendant " procured other
persons to intercept or endeavor to intercept DIRECTV's satellite transmission of television
programming."

ANSWER:    The Vector Technologies Invoice Printout which is annexed to Plaintiffs
Response to defendants request for production. In addition the web page
content from Vector Technologies annexed to the said response also
verifies said contention. Additionally the presence of a satellite reception
dish at defendants premises further confirms the allegations. Plaintiff

reserves the right to amend and supplement this answer upon receipt of defendants discovery responses. Finally defendant takes this statement out of context as it is part of a properly pled alternative pleading.

12.   State the nature, function, and purpose of any and all "Pirate Access Devices" used by the defendant as alleged in paragraph 18 of the complaint.

ANSWER:   To unlawfully intercept DIRECTV's proprietary signals and programming without payment.

(Repeated)
9.   State the nature, function, and purpose of any and all "Pirate Access Devices" used by the defendant as alleged in paragraph 23 of the complaint.

ANSWER:   To unlawfully intercept DIRECTV's proprietary signals and programming without payment.

10.   State each and every fact known to DIRECTV which supports, reflects on, or contradicts the allegation in paragraph 25 of the complaint that defendant " knew or should have known that possessing and utilizing the pirate device is illegal."

ANSWER:   Plaintiff objects to this demand, as calling for a legal conclusion. Such demand notwithstanding the equipment purchased from Vector Technologies, the web-page disclaimers and public knowledge chargeable to defendant support such allegations.

-6-

11.    State the exact DIRECTV programming that the Defendant illegally received or attempted to receive, including the dates, times, program names and the substance of thise programs.

ANSWER:    Such information would solely be known by defendant and those who reside with him. However, Plaintiff advises the defense that the value of programming which the defendant could illegally access using the devices in question exceeds $ 75,000.00 monthly.

12.    Does DIRECTV contend that Defendant owned or possessed a Satellite Dish during one or more of the times that Defendant allegedly illegally received or attempted to receive DIRECTV programming? If your answer is in the affirmative state all facts whcih support said contention.

ANSWER:    Yes. The photographs above referenced, documents this fact.

13.    Does DIRECTV contend that Defendant owned or possessed a Satellite Receiver during one or more of the times that Defendant allegedly illegally received or attempted to receive DIRECTV programming? If your answer is in the affirmative state all facts which support said contention.

ANSWER:    Yes. To the extent the term "receiver" refers to an IRD, the purchase of the illegal devices suggests the possession of such a device. Additionally the photographic evidence above referenced documents this fact.

14.    Does DIRECTV contend that Defendant owned or possessed an Access Card during one or more of the times that Defendant allegedly illegally received or attempted to receive DIRECTV programming? If your answer is in the affirmative state all facts which support said contention.

ANSWER:    Yes. The purchase of the illegal devices suggests the possession of such a device. Additionally the photographic evidence above referenced documents this fact.

15. Could Defendant illegally receive DIRECTV satellite programming if he only possessed a satellite dish and receiver without having a DIRECTV access card. If yes explain how.

> ANSWER:  Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand. Such objections notwithstanding, the emulator is a device which does not alone receive signals, but rather is used in conjunction with the hardware above mentioned which this defendant admittedly owns.

16. Could Defendant illegally receive DIRECTV satellite programming if he only possessed a satellite dish without having a DIRECTV access card and receiver . If yes explain how.

> ANSWER:  Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand. Such

objections notwithstanding, the emulator is a device which does not alone receive signals, but rather is used in conjunction with the hardware above mentioned which this defendant admittedly owns.

17. Could Defendant illegally receive DIRECTV satellite programming if he only possessed a Receiver and Access Card without having a satellite dish. If yes explain how.

ANSWER: Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand. Such objections notwithstanding, the emulator is a device which does not alone receive signals, but rather is used in conjunction with the hardware above mentioned which this defendant admittedly owns.

18. Could Defendant illegally receive DIRECTV satellite programming if he possessed all the hardware (satellite dish, receiver, access card) but not the relevant software? If yes explain how.

ANSWER: Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand. Such objections notwithstanding, the emulator is a device which does not alone receive signals, but rather is used in conjunction with the hardware above mentioned which this defendant admittedly owns.

-9-

19. State whether Defendant ever had a subscription for DIRECTV programming If yes, when.

ANSWER:    To the best of plaintiffs knowledge, no. This does not preclude an account in the name of a neighbor or relative.

20. State whether Defendant ever had a subscription for satellite programming by any entity other than DIRECTV. If yes, identify each such entity and the date of such subscriptions.

ANSWER:    To the best of plaintiffs knowledge, no. However such information would be solely within the knowledge of the Defendant.

21. State whether DIRECTV had any contact with defendant prior to the filing of this action, state the date (s), time (s) and identify all persons who engaged in such contact (s).

ANSWER:    Upon information and belief defendant was contacted on various occasions in September & October, 2002 by a representative Secure Signals International.

22. If there were any contacts as set forth in the previous interrogatory, state the substance of all communications to and from Defendant relevant to the matters alleged in the complaint.

ANSWER:    The Defendant was informed of the claims against him, telephonically admitting acquisition of the Vector Technologies devices for "work related purposes as he works for a major communications company."

23. State whether it is possible that the Defendant could have purchased the "Vector Super Unlooper with SU2 Code" as alleged in paragraph 8 of the complaint for a legitimate use or possible technical solution that would not violate the statutes referred to in the Complaint.

ANSWER:    Plaintiff objects to this demand, Such demand notwithstanding such information is in the nature of a trade secret and is totally hypothetical in nature. In light of the fact that defense counsel has associated himself with worldwide network of Signal Pirates, the risk of dissemination requires objection to this demand. Such objections notwithstanding, DIRECTV seeks to prevent piracy of its signal by such actions such as this. The request seeks an expert opinion on an improper hypothetical that is not relevant to this dispute. Obviously, the devices in question could have many uses other than signal theft, such as acting as a paper weight or door stop. However, such uses are irrelevant for purposes of this lawsuit. DIRECTV further objects to this request to the extent it seeks to invade the consulting expert privilege. Subject to and without waiving the foregoing objections, DIRECTV claims are not based on possible legal uses, but instead are based on the primary purpose of the devices being for the surreptitious interception of DIRECTV satellite programming. However such an occurrence is possible, but not likely.

I affirm, under penalties for perjury, that the foregoing Answers to the foregoing interrogatories are true and complete, to the best of my knowledge, information, and belief.

Date

7-24-03