Signature

Printed Name and Title

Dated:    Ellenville, New York
          July 9, 2003

                                        Yours, etc.

                                        LONSTEIN LAW OFFICE P.C.

                                        By: _____
                                        Wayne D. Lonstein
                                        Attorneys for Plaintiff
                                        Office & P.O. Address
                                        1 Terrace Hill, PO Box 351
                                        Ellenville, New York 12428
                                        Tel: (845) 647-8500

TO:    Kenneth D. Quat
       Attorney At Law
       132 Great Road
       Suite 200
       Stow, Massachusetts




                      **CERTIFICATE OF SERVICE**

            The undersigned duly certifies that the annexed document was
duly served by United States mail, postage prepaid, upon the following on July 9, 2003
                      Kenneth D. Quat
                      Attorney At Law
                      132 Great Road
                      Suite 200
                      Stow, Massachusetts

                                        WAYNE LONSTEIN



                              -12-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRECTV, INC.,                          )
                                        )
            Plaintiff                   )
                                        )
v.                                      )          Civil Action 3:03CV0518-DJS
                                        )
                                        )
CHARLES DESKIN et al.,                  )
                                        )
            Defendant                   )


## COMPENDIUM OF UNPUBLISHED AUTHORITIES

A.  DirecTV, Inc. v. Bush, Civil Action No. H-03-1765 (S.D. Texas Oct. 24, 2003)

B.  DirecTV, Inc. v. McFadden, Case No. 1:02-CV-924 (W.D. Mich. Oct. 22, 2003)

C.  DirecTV, Inc. v. Fisher, C/A No. 6:02-3197-18 (D.S.C. Aug. 18, 2003)

D.  DirecTV, Inc. v. Uselton et al., Case No. 3-02-1199 (M.D.Tenn. Dec. 10, 2003)

E.  DirecTV, Inc. v. Dino et al., Case No. 4:03CV00335-ERW (E.D.Mo. Jan. 12, 2004)

F.  DirecTV v. Kahn, Case No. CIV-03-507-WH (E.D.Ok. Dec. 12, 2003)



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DIRECTV, INC.,                     §
                                   §
            Plaintiff,             §
                                   §
v.                                 §      CIVIL ACTION NO. H-03-1765
                                   §
WINSTON BUSH,                      §
                                   §
            Defendant.             §

## MEMORANDUM AND ORDER

Pending before the court are Defendant Winston Bush's Motion for Summary Judgment (Docket Entry No. 6) and Supplemental Motion for Summary Judgment (Docket Entry No. 8). For the reasons stated below, Bush's motion will be granted.

### I.    Factual and Procedural Background

On May 22, 2003, plaintiff, DIRECTV, Inc., brought this action against Winston Bush seeking statutory damages, punitive damages, costs, including attorneys' fees, and injunctive relief "for the assembly, distribution, possession and use of illegitimate devices primarily designed to gain unauthorized access to its satellite communications signals."[1]  Specifically, DIRECTV sues pursuant to several federal statutes, including the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, et seq., ("Communications Act") and

---

[1] Original Complaint, Docket Entry No. 1 at ¶ 1.

Therefore, the court views Bush's motion as dispositive of the entire action.

47 U.S.C. § 605(a), part of the Communications Act, prohibits any unauthorized person from "receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio" and then "divulg[ing] or publish[ing]" that material except through authorized channels. The Communications Act further authorizes "any person aggrieved" by a violation of 47 U.S.C. § 605(a) to bring a civil action in federal court. 47 U.S.C. § 605(e)(3)(A). The Act defines "any person aggrieved" as including "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming . . . ." 47 U.S.C. § 605(d)(6). Therefore, in order to prevail on a cause of action under this statute, DIRECTV has the burden of showing that a communication in which DIRECTV had proprietary rights was actually intercepted and then divulged. DIRECTV cannot simply allege that it possesses evidence that Bush bought a device that was, in principle, capable of intercepting its signal.

Although 47 U.S.C. § 605(4) is formulated as a criminal provision, 47 U.S.C. § 605(e)(3)(A) permits "any person aggrieved" to bring actions for violations of 47 U.S.C. § 605(4), that is against

> [a]ny person who manufactures, assembles, modifies, imports, exports, sells or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is

> primarily of assistance in the unauthorized decryption of
> satellite cable programming, or direct-to-home satellite
> service, or is intended for any other activity prohibited
> by subsection (a) . . . .

47 U.S.C. § 605(e)(3)(A). According to DIRECTV, Bush, in his deposition, conceded to having purchased and then distributed a device described in 47 U.S.C. § 605(e)(4). However, DIRECTV has not responded to Bush's contention that DIRECTV has offered no evidence that Bush actually used the device to intercept one of DIRECTV's signals such that it has standing to sue under the Act as an aggrieved person.

DIRECTV also relies on 18 U.S.C. §§ 2511 and 2512 for causes of action against Bush. Yet these are criminal provisions of the ECPA that do not give rise to a private right of action. Another part of that Act does authorize civil actions by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter . . . ." 18 U.S.C. § 2520. Yet, to prevail on such an action a party must prove that the communication in question was "intercepted, disclosed, or intentionally used." Id. All DIRECTV has offered are allegations that Bush purchased a device capable of such interception.

DIRECTV also alleges that Bush is liable for civil conversion and that he violated TEX. CIV. PRAC. & REM. CODE §§ 123.001, et seq. Proving conversion requires proving actual theft. P & T Mfg. Co., Inc. v. Exchange Sav. & Loan Ass'n, 633 S.W.2d 332, 333 (Tex. App. -- Dallas 1982, writ refused n.r.e.) (finding that conversion is

-6-

only complete "where a person unlawfully and wrongfully exercises dominion and control over the property of another to the exclusion or defiance of the right of possession of the owner or of the person entitled to the possession of the property involved"). By contrast, TEX. CIV. PRAC. & REM. CODE § 123.002 creates a cause of action such that a party to a communication may sue a person who "intercepts, attempts to intercept, or employs or obtains another to intercept or attempt to intercept" communication covered by the statute. Although under section 123.002 a plaintiff need only prove that the defendant attempted to intercept the communication, DIRECTV has presented no summary judgment evidence that Bush attempted to do so.

Ultimately, DIRECTV argues that Bush seeks "summary judgment based on his unsubstantiated claims that he purchased the Bootloader for the mysterious 'David,' who know [sic] one has seen or heard from in a long time, and that he is completely innocent of any wrongdoing."[9] However, this mode of argument demonstrates that DIRECTV does not comprehend the burden of proof in avoiding summary judgment. A party bringing a no-evidence motion for summary judgment does not have to produce evidence of his innocence, as DIRECTV suggests. The non-movant has the burden of responding to the allegation that it has no evidence by producing some evidence. DIRECTV has offered nothing more than Bush's alleged admission that he bought a device that DIRECTV contends is capable of intercepting

---

[9]DIRECTV's Response, Docket Entry No. 13 at ¶ 10.

B

its satellite signals in an unauthorized manner. DIRECTV offers no evidence that would enable a reasonable jury to find for DIRECTV on a critical element of each of its claims: that Bush intercepted or attempted to intercept a communication in which DIRECTV had a proprietary interest.

Bush argues that, "[i]f a party could avoid summary judgment merely by asserting that a witness should not be believed then Rule 56 would seem to be nothing more than a pointless adjunct to Rule 12."[10] The court agrees.

DIRECTV asks the court for more time to conduct further discovery to uncover evidence to support its claims. The court finds that DIRECTV has already had a fair opportunity for discovery.

## IV. Conclusion and Order

For the reasons set forth above, Defendant Bush's Motion for Summary Judgment (Docket Entry No. 6) with its Supplemental Motion (Docket Entry No. 8) is **GRANTED**.

SIGNED at Houston, Texas, on this 24th day of October, 2003.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[10]Bush's Reply, Docket Entry No. 14 at ¶ 4.

a.\files\m60\03-1765 rj                    -8-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OCT 27 2003

DIRECTV, INC.,                          §
                                        §
            Plaintiff,                  §
                                        §
v.                                      §        CIVIL ACTION NO. H-03-1765
                                        §
WINSTON BUSH,                           §
                                        §
            Defendant.                  §

## FINAL JUDGMENT

In accordance with the court's Memorandum and Order granting the Defendant's Motion for Summary Judgment, this action is **DISMISSED** with prejudice.

Costs will be taxed against plaintiff.

This is a **FINAL JUDGMENT**.

**SIGNED** at Houston, Texas, on this 24th day of October, 2003.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

n:\files\m&o\03-1765.fj

16

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIRECTV, INC.,

Plaintiff,

v.

KENNETH MCFADDEN,

Defendant.

Case No. 1:02-CV-924

HON. GORDON J. QUIST

## OPINION

The Court has before it Defendant, Kenneth McFadden's ("McFadden"), motion for summary judgment. The motion was filed on August 18, 2003. Pursuant to a stipulation dated September 11, 2003, and an order dated September 19, 2003, the deadline for Plaintiff, DIRECTV, Inc. ("DIRECTV"), to respond to the motion for summary judgment was extended from September 15, 2003, to September 29, 2003.

To date, DIRECTV has not responded to McFadden's motion. The Sixth Circuit has held that under these circumstances,

> a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991). See also Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404 (6th Cir. 1992) (noting that where the nonmoving party has not responded a court's reliance on facts advanced by the movant is proper and sufficient).

DIRECTV alleges that McFadden: (1) violated 47 U.S.C. § 605(a) by receiving and assisting others in receiving DIRECTV's satellite television transmissions without authorization from DIRECTV; (2) violated 18 U.S.C. § 2511(1)(a) by using a pirate access device to decrypt and view DIRECTV's satellite television transmissions; (3) violated 18 U.S.C. § 2511(1)(b) by using a pirate access device to decrypt and view DIRECTV's satellite television transmissions with intent to avoid payment of the lawful charges for such transmissions and by possessing and using a pirate access device with intent to avoid payment to DIRECTV of the lawful charges for its programming; and (4) converted DIRECTV's property by importing, possessing and using a pirate access device.

McFadden contends that DIRECTV cannot prevail on its claims because it cannot show that McFadden possessed a pirate access device with the intent to decrypt and view DIRECTV's signal and to avoid payment of DIRECTV's fees, nor can it show that McFadden actually used a pirate access device to decrypt and view DIRECTV's signal. As support for his motion, McFadden relies on his affidavit, in which he states that on April 23, 2000, he purchased a device from a company called White Viper. (McFadden Aff. ¶ 3, Def.'s Br. Supp. Ex. A.) McFadden asserts that he purchased the device in order to access and view charges placed on his personal credit cards. (Id. ¶ 4.) McFadden states that although he received the device, he was unable to use it because it did not come with instructions and he was not familiar with the technology behind the device. (Id. ¶¶ 5, 6.) McFadden attempted to return the device, but the White Viper site no longer existed. (Id. ¶ 7.) McFadden claims that he never connected the device to any television and never used the device to intercept DIRECTV's satellite transmission. (¶¶ 8, 9.)

McFadden has presented evidence showing that he purchased the device from White Viper with the intent of using it for something other than intercepting DIRECTV's satellite transmission. McFadden has also shown that he did not intercept or attempt to intercept DIRECTV's satellite

transmission. This evidence is sufficient to defeat DIRECTV's claims. DIRECTV has failed to come forward with any evidence refuting McFadden's affidavit, i.e., showing that McFadden possessed the device with the intent to steal DIRECTV's signal or that McFadden used the device to steal DIRECTV's signal. Accordingly, there is no genuine issue of material fact, and McFadden is entitled to judgment as a matter of law.

An Order consistent with this Opinion will be entered.

Dated: October 22, 2003

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

AUG 1 8 2003
CCM
LARRY W. PROPES, CLERK
CHARLESTON, SC

DIRECTV, INC., a California
Corporation,

         Plaintiff,

        v.

BARRY FISHER,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

6

C/A No. 2:02-3197-18

ORDER

ENTERED
8/18/03

    This action is before the court upon the Magistrate Judge's recommendation that

defendant's Motion for Summary Judgment be denied. This record includes a Report and

Recommendation of the United States Magistrate Judge made in accordance with 28

U.S.C. § 636(b)(1)(B) (2000).

    A plaintiff may object, in writing, to a Magistrate Judge's report within ten days

after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Three days are

added to the ten-day period if the recommendation is mailed rather than personally

served. The Magistrate Judge's Report and Recommendation was filed on July 23, 2003.

Defendant filed his timely written objections on July 28, 2003. The court heard oral

arguments on August 15, 2003.

I.    Review of Magistrate Judge's Report and Recommendation

    This court is charged with conducting a de novo review of any portion of the

Magistrate Judge's Report and Recommendation to which a specific objection is

registered and may accept, reject, or modify, in whole or in part, the recommendation

contained in that report. 28 U.S.C. § 636(b)(1) (2000). A party's failure to object is

accepted as agreement with the conclusions of the Magistrate Judge. Thomas v. Arn, 474

U.S. 140 (1985). This court is not required to review under a de novo standard, or any

other standard, the factual findings and legal conclusions of the Magistrate Judge to

39  33

which the parties have not objected. Id. at 149-50. General objections will not suffice to obtain judicial review of a Magistrate Judge's findings. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

## II.   Summary Judgment Standard

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party carries its burden of showing that there is an absence of evidence to support a claim, then the non-moving party must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file that there is a genuine issue of material fact for trial. Id. at 324-25. An issue of fact is "genuine" when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under the governing substantive law. Id. When determining whether there is an issue for trial, the court must view the inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.   Discussion

Plaintiff, DIRECTV, filed a complaint against defendant, Barry Fisher, on September 26, 2002, alleging a total of four claims. In the first claim, DIRECTV alleges that defendant received and assisted others in receiving unauthorized programming, in

2

34

violation of 47 U.S.C. § 605(a). (Pl.'s Compl. at 4-5). The second claim alleges that defendant intentionally intercepted, endeavored to intercept, or procured others to intercept DIRECTV's satellite programming in violation of 18 U.S.C. § 2511(1)(a). (Id. at 5). The third claim alleges that defendant possessed pirate access devices in violation of 18 U.S.C. § 2512(1)(b). (Id. at 6). Finally, the fourth claim alleges that defendant is liable for common law conversion for unlawfully intercepting DIRECTV's satellite transmissions for his own use. (Id. at 7). Only the first claim pursuant 47 U.S.C. § 605(a) remains for the court's consideration. Plaintiff informed the court at the August 15 hearing that this is the only remaining viable claim, and that it has withdrawn the others.

To establish liability under 47 U.S.C. § 605(a), DIRECTV must prove that defendant received, assisted in receiving, or intercepted DIRECTV's satellite transmissions. In order to receive DIRECTV's satellite signal, a subscriber must have the appropriate digital satellite system hardware, which includes a satellite dish, an integrated receiver/decoder, and an access card. DIRECTV alleges that each pirating device functions in the form of a legitimate access card in that it allows for the decryption and receipt of its broadcasts. (Pl.'s Compl. at 2). As plaintiff agrees, in order for the pirating device to successfully work, the appropriate satellite system hardware is needed to be able to access DIRECTV's signal.

In this case, a negative inference exists against defendant as to his purchase and possession of a pirating device.[1] Plaintiff lacks, however, any evidence that defendant possessed the appropriate equipment enabling him to use this device to intercept its signal. It is undisputed that defendant purchased and possessed satellite equipment

---

[1] When questioned on this issue, defendant invoked his Fifth Amendment privilege on the advice of his counsel. Defendant concedes that from this a fact-finder could infer that defendant possessed the alleged device. (Def.'s Obj. at 5).

3

sometime during 2001. (Fisher Dep. at 13-19). However, defendant testified he has never subscribed to DIRECTV's service and that he has never had an account with DIRECTV. (Fisher Aff.). DIRECTV has not come forth with any evidence refuting defendant's statements or otherwise raising a reasonable inference that defendant's satellite equipment was capable of intercepting its satellite transmissions. A reasonable fact-finder would be unable to infer that defendant's satellite equipment was capable of intercepting DIRECTV's transmissions or was otherwise compatible with its service in the absence of this evidence.

Evidence of possession of a pirating device alone does not raise a reasonable inference that defendant possessed the means and ability to intercept DIRECTV's satellite transmission in violation of 47 U.S.C. § 605(a). Accordingly, in the absence of any evidence that defendant possessed the appropriate equipment allowing him to successfully use a pirating device to intercept DIRECTV's signal, defendant's motion for summary judgement must be granted.

III.    Conclusion

It is therefore **ORDERED** that defendant's Motion for Summary Judgment be **GRANTED**.

AND IT IS SO ORDERED.

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

August ___, 2003
Charleston, South Carolina

4

36