

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| DIRECTV, INC. A CALIFORNIA CORPORATION | ) ) ) ) ) | |
| Plaintiff, | | |
| v. | ) ) ) | Case No. 3-02-1199 Judge Nixon Magistrate Judge Knowles |
| JERRY USELTON and CATHY CAMPAGNE | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM ORDER

Before the Court is Defendant Campagne's Motion to Dismiss (Doc. No. 10) and related

documents. (Doc. No. 11, 13, 15.) Plaintiff filed an initial response to Defendant's Motion to

Dismiss (Doc. No. 12), and a second response to Defendant's first supplemental memorandum

(Doc. No. 14). For the reasons stated below, the Court hereby GRANTS Defendant's Motion to

Dismiss.

## I. BACKGROUND

Plaintiff DIRECTV, Inc. ("DIRECTV"), a California company, is a direct broadcast

satellite system that delivers television and other programming to residential and commercial

subscribers across the United States. DIRECTV claims to have invested more than $1.25 billion

to develop its direct broadcast satellite system. To provide security for its satellite transmissions

and to prevent unauthorized viewing of its satellite television programming, DIRECTV encrypts,

or electronically scrambles, its satellite transmissions. DIRECTV's residential and business

1

This document was entered on
the docket in compliance with
Rule 58 and / or Rule 79 (a).

FRCP, on 12/10/03 By ___

customers must obtain a DIRECTV Access Card and other hardware and create an account with DIRECTV in order to access DIRECTV's television programming. Once DIRECTV activates a customer's Access Card, the customer can view in a decrypted (or unscrambled) format those channels to which the customer has subscribed or otherwise made arrangements to purchase from DIRECTV. Access is only offered to consumers on a subscription or pay-per-view basis.

DIRECTV executed Writs of Seizure, aided by local law enforcement, at the mail shipping facility used by several sources of pirate technologies. From these raids, DIRECTV obtained a mass of sales records, shipping records, credit card receipts and other records. DIRECTV claims that these records provided them with evidence that Defendants purchased illegal Pirate Access Devices. In reliance on those records and other information, DIRECTV claims that defendants' actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; the Electronic Communications Privacy Act ("ECPA" or "Wiretap Act"), 18 U.S.C. §§ 2510-2521; Tenn. Code Ann. § 39-13-601 ("Tennessee Wiretapping Statute"); Tenn. Code Ann. §§ 39-14-104, 7-59-109 ("Tennessee Theft of Services Statutes"); and Tennessee common law. DIRECTV's complaint alleges six causes of action. Defendant Campagne has filed a Motion to Dismiss Count Five, which alleges the possession of illegal access devices in violation of 18 U.S.C. § 2512(1)(b). Defendant argues that count five should be dismissed for failure to state a claim upon which relief can be granted because 18 U.S.C. § 2512(1)(b) does not support a civil cause of action.

## II.  LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether a cognizable claim has been pled in the complaint. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436

(6th Cir.1988). In reviewing a Rule12'b)(6) motion for dismissal, factual allegations in the complaint must be regarded as true, and "the claim should not be dismissed unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir.1983)). In other words, dismissal under Rule 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See, e.g. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987) (citations omitted).

## III. DISCUSSION

In count five of its complaint, DIRECTV asserts that Defendants have possessed and used Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, with intent to avoid payment of the lawful charges thereof, in violation of 18 U.S.C. § 2512(1)(b). The Sixth Circuit has held that the ECPA does cover the interception of satellite transmissions by modified descramblers, such as those allegedly possessed by the defendants in this case. United States v. One Macon Video Cipher II, 985 F.2d 258, 261 (6th Cir. 1993). The court held that the unambiguous language of the statute indicates no intent to exempt satellite television programming from the coverage of the federal Wiretap Act. Id.

Defendant Campagne moves the Court to dismiss this fifth count on the grounds that the statute under which the claims are brought is a criminal statute, and the sub-section under which DIRECTV asserts count five, 18 U.S.C. § 2512(1)(b), does not provide for a private right of action. It is true that § 2512 is a part of a criminal statute, the federal Wiretap Act, 18 U.S.C. §§

3

2510-2521. However, Plaintiff asserts that 18 U.S.C. § 2520 ("§ 2520") creates a private cause

of action for violations of 18 U.S.C. § 2512. The Sixth Circuit has not had occasion to rule on

this issue. In fact, within the Sixth Circuit, only one court has addressed whether § 2520

provides for a civil cause of action for violations of § 2512 of the federal Wiretap Act. In

DIRECTV, Inc. v. DiSalvatore, et al., the United States District Court for the Northern District of

Ohio recently held that § 2520 *does* provide a private right of action for violations of the ECPA.

Case No. 5:02-CV-00706, at 11 (N.D. Ohio May 21, 2003) (citing Oceanic Cablevision, Inc. v.

M.D. Electronics, 771 F. Supp. 1019, 1027 (D.Neb. 1991); DIRECTV, Inc. v. EQ Stuff, Inc., 207

F. Supp. 1077 (C.D. Cal. 2002).

The Sixth Circuit has set forth the standard used to interpret statutory language:

In determining the meaning of legislation, the Court must first look to the plain language of the

statute itself. If the statutory language is unambiguous, then that language is regarded as

conclusive unless there is a clearly expressed legislative intent to the contrary. If the statute is

ambiguous, the Court must then look to its legislative history. Bradley v. Austin 841 F.2d 1288,

1293 (6th Cir. 1988). (Citations omitted).

Section 2520, in relevant part, provides, "any person whose wire, oral or electronic

communication is intercepted, disclosed, or intentionally used in violation of this chapter may in

a civil action recover from the person or entity, other than the United States, which engaged in

that violation such relief as may be appropriate." 18 U.S.C. § 2520(a). DIRECTV contends that

this language provides for a private cause of action for violations of 18 U.S.C. § 2512, which

prohibits the manufacturing, assembling, selling or possessing of "any electronic, mechanical, or

other device, knowing or having reason to know that the design of such device renders it

4

primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications." 18 U.S.C. § 2512(1)(b).

Defendant first cites <u>Flowers v. Tandy Corp.</u> for the proposition that § 2520 *does not* provide a civil cause of action for violations of § 2512. 773 F.2d 585, 588-589 (4th Cir. 1985) At the time of the <u>Flowers</u> decision, § 2520 stated, in relevant part:

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose or use such communications, and (2) be entitled to recover from any such person . . .

18 U.S.C. § 2520(a). This pre-amendment language defines the class of people from which one could recover damages in a civil action to "any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose or use such communications." <u>Id.</u> The <u>Flowers</u> court determined that the express language of § 2520, as it was written at the time, left no room for a private cause of action brought against one who manufactured or sold a device in violation of § 2512, holding that § 2520 "expressly limits those against whom the private action lies to the person who 'intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications.' This language tracks very closely the criminal offenses set out in § 2511, whereas the criminal offenses set out in § 2512 are defined in such terms as 'manufacture,' 'assemble,' 'possess,' and 'sell.'" <u>Id.</u> The court also looked at the language of §§ 2511 and 2512 and found that:

> though any criminal statute is in part enacted for the benefit of the victims of the crime' see; Cort v. Ash, 422 U.S.66, 79-80, § 2512 appears to have been designed for benefitting the public as a whole by removing such devices from the market. Section 2511, which

5

makes criminal the actual practice of wiretapping, is more properly
aimed at protecting the particular victim, and indeed, Congress
recognized that purpose by expressly providing in § 2520 a private
cause of action for victims of acts made criminal in § 2511.

Flowers, 773 F.2d at 589.  Since the time of the Flowers decision, Congress has amended § 2520

three times.[1]  Relevant to this Court's inquiry, Congress amended the first paragraph of § 2520,

altering the language creating a civil cause of action for violations of the ECPA.  Prior to this

amendment, § 2520 stated "any person whose wire or oral communication is intercepted,

disclosed, or used in violation of this chapter shall (1) have a civil cause of action against  any

person who intercepts, discloses, or uses, or procures any other person to intercept, disclose or

use such communications."  The amended statute provides, "any person whose wire, oral, or

electronic communication is intercepted, disclosed, or intentionally used in violation of this

chapter may in a civil action recover from the person or entity, other than the United States,

which engaged in that violation."  18 U.S.C. § 2520(a).

Some courts addressing this issue in the years following the ECPA amendments have

held that the amendments to § 2520 actually broadened its scope to allow a civil cause of action

to lie against any party that has violated the ECPA.  See Oceanic Cablevision Inc., 771 F. Supp.

at 1027 (holding that § 2520 "confers a private cause of action upon persons when the action is

brought against parties that have violated the provisions of §§ 2510-2521"); see also EQ Stuff,

Inc., 207 F. Supp.2d at 1077; DIRECTV v. Calamanco, 2003 WL 21956187 (N.D. Iowa) (2003).

DIRECTV urges the Court to adopt the view of these courts in the present case.  The Northern

---

[1]See Act of Oct. 21, 1986, Pub.L. No. 99-508, § 103, 100 Stat. 1854; Act of Oct. 26,
2001, Pub.L. No. 107-56, § 223(a), 115 Stat. 293; Act of Nov. 25, 2002, Pub.L. No. 107-296, §
225(e), 116 Stat. 2157.

District of Ohio followed this rationale in <u>DiSalvatore</u>, holding that § 2520 provides a private right of action for violations of the ECPA, and citing <u>EQ Stuff, Inc.</u> and <u>Oceanic Cablevision, Inc.</u> as support for its conclusion. The <u>DiSalvatore</u> court offers no explanation for its reliance on the holdings of <u>EQ Stuff, Inc.</u> and <u>Oceanic Cablevision, Inc.</u>.

Courts holding that § 2520 does not provide for a private right of action for violations of § 2512 have often held that the rationale behind the <u>Flowers</u> decision has not been changed by the amendments to § 2520. In <u>DIRECTV v. Amato</u>, 269 F.Supp.2d 688 (E.D. Va.) (2003) the court held that the amendments to § 2520 superceded the <u>Flowers</u> decision only with respect to issues of third party liability. The <u>Amato</u> court held, "the <u>Flowers</u> court found that the *use* of an eavesdropping device, as outlawed by § 2511, creates a victim, thereby justifying a private cause of action, but the mere *possession* of such a device, as banned by § 2512, creates no individualized harm and, thus, no justification for private recovery." <u>Amato</u>, 269 F.Supp.2d at 691. The court in <u>Amato</u> relied upon the Fourth Circuit's holding in <u>Flowers,</u> and held that § 2520 does *not* provide for a private cause of action for violations of § 2512. <u>Id.</u>

The Court finds the reasoning of <u>Flowers</u> and <u>Amato</u> persuasive. Although at first glance, the broadened language of § 2520 seems to allow for a private cause of action for any violation of the ECPA, a closer reading of the plain language of the statute makes clear that this is not the case. Section 2520 states that *"any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter"* may bring a civil action against the party "which engaged in *that* violation." (Emphasis added.) The plain language of the statute clearly makes a civil action available to a person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of the

7

ECPA. However, the victim of such behavior may bring a civil action against *only* the "person or entity, other than the United States, which engaged in *that* violation . . ." See Flowers, 773 F.2d at 588-89; see also Amato, 269 F.Supp 2d at 691; DIRECTV, Inc. v. Childers, 274 F.Supp.2d 1287. (M.D.Ala.) (2003); . In other words. § 2520, by its own explicit terms, provides for a private cause of action for only a subset of violations of the ECPA, namely where a wire, oral, or electronic communication is intercepted. disclosed. or intentionally used in violation of the federal Wiretap Act.

The only section of the Wiretap Act that prohibits the interception of electronic communication. i.e. satellite television programming, is § 2511. Plaintiff recognized the behavior prohibited by § 2511 when it alleged in count two of its complaint that Defendants' violated § 2511 by using Pirate Access Devices to intercept, or endeavor to intercept DIRECTV's satellite transmission of television programming. Section 2512, on the other hand, does not prohibit the illegal interception of satellite television programming, but instead prohibits the manufacturing. assembling. possession. and advertising of devices used for the interception of such communications. The mere *possession* of Pirate Access Devices, which is prohibited by § 2512 of the Wiretap Act. does not amount to the interception. disclosure or intentional use of another person's wire. oral. or electronic communication. Precisely those violations of the ECPA, and no others. are sufficient to enable a victim to maintain a private right of action against his or her violator in accordance with the plain language of § 2520. The Court finds that the plain and unambiguous language of § 2520 must be respected. Plaintiff's fifth count which alleges a violation of § 2512 based on Defendants' possession of Pirate Access Devices, must be dismissed for failure to state a claim upon which relief can be granted because no private cause

8

of action exists under the federal Wiretap Act for violations of § 2512(1)(b).

It is SO ORDERED.

Entered this the ___9th___ day of ___December___, 2003.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

9



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DIRECTV, INC.,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )    Case No. 4:03CV00335  ERW
                                        )
GRANT DINO, et al.,                     )
                                        )
        Defendants.                     )

## MEMORANDUM AND ORDER

Before the Court is Defendant Chuck Chen's Motion to Dismiss Count III of Plaintiff's

Complaint [doc. # 50]. For the foregoing reasons, that motion is granted.

## I.    Background

DirecTV provides television programming to subscribers through a direct broadcast

satellite system. Briefly stated, DirecTV beams digital information to satellites in space, which are

then broadcast back to Earth. Customers view programming through a satellite dish designed to

capture the signals from the satellite. The dish is connected to a satellite reciever inside the

customer's home, which is then attached to the customer's television set. To provide security and

prevent unauthorized viewing of its programming, DirecTV encrypts, or scrambles, its satellite

transmissions. Paying customers view programming by inserting an access card into their satellite

receivers. DirecTV electronically directs the access card to descramble the signal, allowing the

customer to view certain channels.

Several companies, however, sell devices, which DirecTV calls "pirate access devices,"

that may be used to allow people to unscramble DirecTV's satellite signal, and thus view all of

1

DirecTV's programming without making payment. In May 2001, DirecTV executed writs of seizure at various mail shipping facilities used by these companies and secured sales records, shipping records, e-mail communications, credit card receipts, and other documents showing the sale and purchase of these devices.

This is one of a series of several actions brought by DirecTV, Inc. against individuals it accuses of either the assembly, distribution, possession, or use of illegitimate devices designed to gain unauthorized access to its satellite communication signals. In this particular action, DirecTV brought suit against Chuck Chen and seven other defendants for violations of the Cable Communications Policy Act, 47 U.S.C. § 605(e)(3)(C), for violations of 18 U.S.C. §§ 2511 and 2512, and 47 U.S.C. § 605(e)(4). The Complaint alleges, and the Court accepts as true for the purposes of this motion, that on May 21, 2001, Chuck Chen purchased a pirate access device from the Fulfillment Pirate Group consisting of a printed circuit board device invoiced as a "Vector Smart Card Emulator," designed to permit the encryption of DirecTV programming. On the same day, Chen bought a "Vector Fusion Unlooper/Multi Purpose Device," which is designed to repair access cards that have been destroyed by illegitimate use. In this motion, Chuck Chen asks the Court to dismiss Count III of the Complaint which attempts to state a cause of action under 18 U.S.C. § 2512.

## II.    Discussion

### A.    Motion to dismiss standard

In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court articulated two federal pleading corollaries. First, the court noted that "a complaint should not be dismissed for failure to state claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

2

his claim which would entitled him to relief." *Id.* at 45-6.  Second, the Court was clear on what it considered to be the requisite factual detail:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Id.* at 47.  Based on these principles, the Eighth Circuit has noted, a court should grant a Rule 12(b)(6) motion only where a plaintiff "includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Krentz v. Robinson*, 228 F.3d 897, 905 (8th Cir. 2000).

## B.    Count III of the Complaint against Chuck Chen

Count Three of DirecTV's Complaint is titled "Damages for Possession, and/or Assembly of Electronic, Mechanical or Other Device or Equipment," and below the caption, has 18 U.S.C. § 2512 in parentheses.  Under that criminal statute, contained in Chapter 119 of Title 18, which relates to "Wire and Electronic Communications Interceptions and Interception of Oral Communications," a person faces a fine or up to five years of federal imprisonment, or both, if he:

> manufactures, assembles, possesses, or sells any electronic mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce.

18 U.S.C. § 2512(1)(b).

Congress also enacted 18 U.S.C. § 2520(a), which provides that, subject to an exception not applicable here,

> any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [18 U.S.C. §§ 2510-2522] may in a civil action recover from the person or entity which engaged in that violation such relief as

3

may be appropriate.
18 U.S.C. § 2520(a).

Chen argues that § 2520(a) does not provide a private right of action for violations of §

2512(1)(b) because § 2520(a), by its terms, may only be brought against one who intercepts,

discloses, or uses the electronic communication, not against someone like Chen, who is merely

accused of possessing prohibited devices.

This issue has been raised numerous times in the massive wave of litigation DirecTV has

unleashed. According to The United States District Court for the District of Minnesota in a soon-

to-be published opinion, the Fourth Circuit and nineteen (now twenty with the Minnesota District

Court's recent opinion) district courts have issued opinions in either the case reporters or

searchable databases deciding this very question. *DirecTV, Inc. v. Bertram*, -- F. Supp. 2d. --,

No. 03-3239, 2003 WL 2310032 at *3 n.3 (D. Minn. Dec. 30, 2003) (collecting cases). The

cases are hopelessly split.

The Fourth Circuit, in *Flowers v. Tandy Corp.*, 773 F.2d 585, 586-67 (4th Cir. 1985) held

that § 2520(a) did not provide a private right of action for violations of § 2512(1)(b). In that

case, a plaintiff sued a company that manufactured and sold telephone tapping devices to the

plaintiffs' estranged husband, who then used the device to record the plaintiff's conversations. At

the time the Fourth Circuit decided *Flowers*, however, § 2520(a) read differently than it does

now. Back then, the statute authorized a civil action by any person whose wire or oral

communication was intercepted, disclosed, or used against "any person who intercept[ed],

disclose[d], or use[d], or procure[d] any other person to intercept, disclose, or use such

communications." 18 U.S.C. § 2520(a) (1984). *Flowers* was thus a different case, based on the

4

plain language of the 1985 version, because it only applied to those individuals who violated §

2511 by intercepting, disclosing, using, or procuring other people to intercept, disclose or use.

In 1986, Congress amended § 2520 to its current form with the Electronic

Communications Privacy Act of 1986, Pub. L. No. 99-508, 100 Stat. 1853. Now, the statute

provides that:

> any person whose wire, oral, or electronic communication is intercepted, disclosed,
> or intentionally used in violation of [18 U.S.C. §§ 2510-2522] may in a civil action
> recover from the person or entity which engaged in that violation such relief as
> may be appropriate.

18 U.S.C. § 2520(a) (2000).

DirecTV argues, and all of the district courts in this circuit except that of Minnesota agree[1], that

the amended version of § 2520(a) allows any one whose wire, oral, or electronic communication

is intercepted may recover from any one who violates any portion of 18 U.S.C. §§ 2510-22. This

Court agrees with the Minnesota district court that the clear statutory language dictates the

opposite result. Congress could have said that anyone whose communication was intercepted,

disclosed, or used could recover from anyone who violated Chapter 119 of Title 18 of the United

States Code. Instead, Congress said that any one whose communication was intercepted,

disclosed, or used *in violation of Chapter119 of Title 18 of the United States Code* could recover

from a person *who engaged in **that violation***. The Court uses italics and bold print here to

highlight the relationship between the phrase "that violation" and the earlier clause. In this

Court's view, it is clear that when Congress said "that violation," it was referring to a violation of

the portion of Chapter 119 of Title 18 of the United States Code that prohibited the interception,

---

[1] *See, e.g., DirecTV, Inc. v. Cook*, No. 03-0229 (W.D. Mo. Oct. 9, 2003); *DirecTV, Inc. v. Calamanco*, No. 02-4102, 2003 WL 21956187, at *2 (N.D. Iowa Jan. 1, 2003); *Oceanic Cablevision, Inc. v. M.D. Elecs.*, 771 F. Supp. 1019, 1026-29 (D. Neb. 1991).

disclosing, or intentional using of the communication. *See DirecTV, Inc. v. Cardona*, 275 F. Supp. 2d. 1357, 1367 (M.D. Fla. 2003). The only committee report is the Senate Report on the bill, S. Rep. 99-541, at 26 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3580, and is unhelpful. The courts that have taken a contrary view have not engaged in any textual analysis whatsoever, and the Court is not persuaded by the contrary cases.

## III.    Conclusion

The plain and unambiguous language of 18 U.S.C. § 2520(a) limits those against whom a civil action lies to persons who intercept, disclose or intentionally use wire, oral, or electronic communications in violation of Chapter 119 of Title 18 of the United States Code. Because Chuck Chen is accused of possessing a pirate access device, a civil action under § 2520(a) does not lie against him.

Therefore,

**IT IS HEREBY ORDERED** that Defendant Chuck Chen's Motion to Dismiss Count III of Plaintiff's Complaint [doc. # 50] is **GRANTED** . Count III of Plaintiff's Complaint against Chuck Chen is **DISMISSED WITH PREJUDICE** .

Dated this ____12th____ day of January, 2004.


E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

6



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

DIRECTV, INC.,

    Plaintiff,

v.

SHERWIN KAHN,

    Defendant.

DEC 12 2003

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By: _____
          Deputy Clerk

Case No. CIV-03-507-WH

## ORDER

In its Original Complaint, DIRECTV alleges five statutory causes of action against Defendant Kahn, as well as one common law cause of action for civil conversion/misappropriation. DIRECTV also requests injunctive relief.

As its basis for these claims against Defendant Kahn, DIRECTV alleges that on approximately June 21, 2001, Defendant Kahn purchased a Viper Smart Card Reader/Writer from White Viper Technologies. The Plaintiff also alleges Defendant Kahn purchased an H U Loader from H-Card.org. DIRECTV claims it obtained this information through the business records of manufacturers/distributors of these so-called "Pirate Access Devices." For purposes of this motion, the Court takes as true DIRECTV's allegations that Defendant Kahn purchased the Pirate Access Devices and that those devices are primarily useful for the surreptitious interception of electronic communications.

Pursuant to Fed. R. Civ. P., Rule 12(b)(6), Defendant Kahn requests an Order of this Court dismissing Plaintiff's cause of action under 18 U.S.C. § 2512 as set forth in Count 3 of DIRECTV's Original Complaint. Defendant claims that Count 3 must be dismissed because § 2512 is a criminal

statute that does not provide a private right of action. For the reasons set forth below, Defendant's motion is GRANTED.

Count 3 alleges that Defendant Kahn possessed, manufactured and/or assembled a device designed so that it is primarily useful for the purpose of the surreptitious interception of electronic communications, in violation of 18 U.S.C. § 2512(1)(b). Thus, Count 3 is viable only if DIRECTV can recover for a defendant's mere possession (or manufacture or assembly) of a prohibited device, without proof that the defendant participated in actual interception, disclosure, or intentional use of a protected communication.

To pursue civil remedies under § 2512, DIRECTV relies on 18 U.S.C. § 2520(a), which authorizes civil remedies for some violations of the federal wiretapping laws. Whether § 2520(a) requires proof that the Defendant has participated in actual intercepting, disclosing or using protected communications – as opposed to merely possessing a so-called Pirate Access Device – is the issue at the heart of Defendant Kahn's motion to dismiss. Thus, the issue is solely one of statutory interpretation.

The analysis begins with the observation that § 2512(1)(b) is violated merely by a person possessing an electronic device primarily useful for the purpose of surreptitious interception of electronic communications. The key point is that § 2512(1)(b) does not require the proof of actual interception of communications. Thus, simple possession of the prohibited device may be punished by criminal prosecution.

To support its claims for civil remedies in Count 3, however, DIRECTV relies on 18 U.S.C. § 2520(a) which provides:

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or

2

intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a).

From its plain language, § 2520(a) authorizes relief only for actual interception, disclosure or intentional use in violation of law. The statute does not authorize civil remedies for mere possession of an unlawful device, in the absence of proof of actual unlawful interception, disclosure or use. Thus, this Court need look no further than the actual words of the statute to find Defendant Kahn's motion is meritorious.

DIRECTV argues, however, that language added to § 2520(a) as an amendment in 1986 now defines the class of potential defendants as any person "engaged in" a "violation of this chapter." Prior to the 1986 amendment, in Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985), the Fourth Circuit Court of Appeals had already found no merit in the assertion that § 2520 provides a private cause of action in violation of the criminal proscriptions of § 2512. DIRECTV's subsequent attempts to refute the Flowers holding have been deemed "illogical." DIRECTV v. Jerolleman, 2003 WL 22697177, *2 (E.D.La. 2003). Likewise, DIRECTV's argument that the 1986 amendment to § 2520 permits a civil cause of action for a violation of § 2512 has been described as "an obvious and critical distortion of the statutory language." DIRECTV v. Beecher, Case No. 1:03-cv-0309 (S.D. Ind. Nov. 7, 2003).

This Court is obliged to agree. Indeed, DIRECTV's imaginative interpretation of the plain language of § 2520 borders on the surreal. See also DIRECTV v. Hosey, __ F.Supp.2d __, 2003 WL 22463055 (D. Kan. 2003); DIRECTV v. Jerolleman, 2003 WL 22697177, *2 (E.D.La. 2003); DIRECTV v. Beecher, Case No. 1:03-cv-0309 (S.D. Ind. Nov. 7, 2003); DIRECTV v. Bloomquist,

3

Case No. 03-1170 (D. Ill. Nov. 7, 2003); DIRECTV v. Moore, 3:03CV260 (W.D.N.C. Oct. 3, 2003); DIRECTV v. Delaney, Case No. 03-C-344 (N.D. Ill. Nov. 21, 2003); DIRECTV v. Kopvtko, Case No. 6:03-cv-1066-Orl (M.D. Fl. Oct. 2, 2003); DIRECTV v. Bush, Case No. H-03-1765 (S.D. Tex. Oct. 27, 2003).

In short, this Court believes that Congress did not provide a civil cause of action against a person merely in possession of a so-called Pirate Access Device. Therefore, Defendant Kahn's Motion to Dismiss Count 3 of Plaintiff DIRECTV's Original Complaint is hereby granted.

Dated this 12th day of December, 2003.

Ronald A. White
United States District Court Judge

4