UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION 3:03CV00518-DJS |
| v. ) | |
| ) | |
| CHARLES DESKIN et al., ) | |
| Defendant ) | |
| ) | |

## DEFENDANT'S AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I, Paul Ciotti, hereby depose and state on oath:

1. My name is Paul Ciotti. I am a defendant in this action. I make this affidavit on personal knowledge.

2. At the time I purchased the item at issue in this case – an unlooper - I was employed as a Network Administrator by NetZee, Inc. NetZee was a company that developed and supported software for the financial services industry. Part of my job as network administrator involved working on techniques and systems for creating and enhancing computer security, including the use of "smart cards" for gaining access to computers. "Smart cards" are typically plastic, credit-card sized cards containing a small chip that can be programmed. "Smart cards" are used in numerous ways, including security applications (such as to verify a user's identity)  At the time of this purchase I was also working with the security department of the building in which NetZee was located to improve the "key card" access system to the building,  The "key card" was a kind of "smart card."

3. An unlooper is designed to read and write "smart cards." I acquired it because I believed it could be helpful in my work for NetZee. However, it did not come with any directions or software, and I was not able to get it to work. After a month or so I put it back in its box and have not taken it out since.

4. Until being sued in this case I did not know that an unlooper could be used to help intercept a satellite signal. The website from which I ordered it made no mention of using it to intercept DirecTV's signal or any other satellite signal.

5. At the time of purchase I had been employed in the computer field for approximately 11 years, ever since receiving a Certificate in computer electronics in 1990. I currently work as Information Technology Manager for the Bridgeport Board of Education.

6. My intent in acquiring the device was not related in any way to DirecTV or any other satellite broadcasting service. In fact, at the time of the purchase my wife and I were subscribers to cable television (Tele-Media), and did not have any of the hardware necessary for receiving a satellite signal, such as a receiver (IRD) and an access card. (I did buy a satellite dish at a yard sale sometime in 2000-2001, but I later learned that it was not the kind that would have effectively received DirecTV's signal).

7. I have reviewed various materials which DirecTV has provided to my attorney in this case, including photographs of my home presumably taken by DirecTV or on DirecTV's behalf. The satellite dish shown in these photographs (to the left of the chimney) is not the dish that I purchased at a yard sale. It is, in fact, a DirecTV satellite dish installed by a DirecTV technician (along with other necessary components) when I became a DTV subscriber in January, 2003. I have been a DirecTV customer continuously since that

time. At no time have I intercepted, or attempted to intercept, any satellite signal, including that of DirecTV.

I hereby state on oath that the foregoing statements are true and correct to the best of my knowledge and belief.

_____
Paul Ciotti

STATE OF CONNECTICUT

County of Fairfield

Then personally appeared before me Paul Ciotti and made oath that the matters contained in the foregoing affidavit are true and correct and that he signed same as his free act and deed.

_____
Notary Public
M.C.E.

KEITH A. DEEB
NOTARY PUBLIC
MY COMMISSION EXPIRES FEB. 28, 2004

Dated: January 20, 2004