UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRECTV, Inc, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION 3:03CV00518-DJS |
| | ) | |
| v. | ) | |
| | ) | |
| , | ) | |
| | ) | |
| CHARLES DESKIN et al., | ) | |
| Defendant | ) | |
| | ) | |

**MOVANT'S LOCAL RULE 56(a)1 STATEMENT**

In support of his motion for summary judgment, defendant Paul Ciotti hereby submits the following statement of material facts as to which defendant contends there is no genuine issue to be tried:

1. Defendant purchased a device known as an "Unlooper" from Vector Technologies on or about March 7, 2001. Defendant's Affidavit, ¶2.

2. Defendant received formal education in computer electronics and at the time of purchase had been working in the computer field for eleven years. Defendant's Affidavit, ¶5.

3. At the time of the purchase, defendant was employed as a network administrator for a financial software company. This job entailed the development and enhancement of security systems for computers, including the use of "smart cards." A "smart card" is a plastic credit-card sized card which contains a small chip that can be electronically

programmed with, for example, information relative to a user's identity. "Smart cards" are used in a number of different ways and applications for security purposes. Defendant's Affidavit, ¶2.

4. At the time of purchase defendant was also working with the security department of the building in which his company was located to improve the "key card" access system to the building. The "key card" is a kind of "smart card." Defendant's Affidavit, ¶3.

5. The item purchased by defendant was designed to read and write "smart cards." Defendant acquired it solely for use in connection with his employment. Defendant's Affidavit, ¶¶3, 6.

6. The unlooper did not come with any directions or software. Defendant was not able to understand how it functioned, and could not get it to work. After a month or so defendant put it back in its box and has not taken it out since. He never used it for any purpose. Defendant's Affidavit, ¶3.

7. Until being sued in this case defendant did not know the device could be used to help intercept a satellite signal. The website from which defendant purchased the device made no mention of such fact. Defendant's Affidavit, ¶4.

8. Plaintiff did not at any time observe defendant pirating its signal. Plaintiff's Response to Defendant's Request for Admission Number 1.[1]

9. Plaintiff did not at any time observe defendant modifying or using the unlooper purchased by defendant. Plaintiff's Response to Defendant's Request for Admission Number 2.

---

[1] Defendant's Requests for Admissions and Plaintiff's Responses are attached as Exhibits A and B respectively to Defendant's Motion for Summary Judgment.

10. Plaintiff has no knowledge of the signals or programs which defendant allegedly received without paying for same. Plaintiff's Response to Defendant's Request for Admission, Number 4.

11. Plaintiff has no knowledge of what, if anything, defendant did to allegedly assist third parties in receiving plaintiff's signal without authorization. Plaintiff's Response to Defendant's Request for Admission, Number 5.

12. Plaintiff has no evidence that defendant assisted third persons in receiving its satellite signal. Plaintiff's Response to Defendant's Request for Admission, Number 6.

13. Plaintiff has no evidence that defendant ever possessed, manufactured, or created any computer programs or scripts capable of being used to intercept plaintiff's satellite signal. Plaintiff's Response to Defendant's Request for Admission, Number 10.

14. An unlooper alone cannot intercept a satellite signal. Plaintiff's Answer to Defendant's Interrogatory Number 5.[2]

15. A satellite signal such as DirecTV's cannot be received without certain specialized hardware, including a small satellite dish, an access card, and an IRD (Integrated Reception Device). Software is also necessary so the hardware can interface with DirecTV's encrypted signal. Plaintiff's Answer to Defendant's Interrogatory Number 5.

16. Defendant did not have the hardware necessary to receive DirecTV's signal, or the necessary software. Defendant's Affidavit, ¶¶3, 6.

17. Defendant never intercepted or attempted to intercept the satellite signal of DirecTV or any other satellite broadcaster. Defendant's Affidavit, ¶7.

---

[2] Plaintiff's interrogatory answers are attached as Exhibit C to Defendant's Motion for Summary Judgment.

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512

Connecticut address pursuant to Local Rule 83.1(c):

Mirto, Ketaineck, Barrett & DiCrosta, P.C.
P.O. Box 428
West Haven CT 06516

### Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Wayne D. Lonstein, Esquire, Lonstein Law Office, P.O. Box 351, Ellenville NY 12428.

_____

Dated: 1/22/04