ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

------------------------------------------------------

DIRECTV, INC.,
a California corporation,

                        Plaintiff,

   - against -

CHARLES DESKIN, *et al.*,

                        Defendants.

------------------------------------------------------

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT**

Civil Action No.  3-03-CV-00518 DJS
Honorable Dominic J. Squatrito

Plaintiff, **DIRECTV, INC.,** respectfully requests that the Court deny Defendant **PAUL CIOTTI'S** Motion for Summary Judgment in its entirety as there exist genuine issues of material fact to present to the trier of fact, making Summary Judgment improper.

## ARGUMENT

## SUMMARY JUDGMENT IN DEFENDANT'S FAVOR IS IMPROPER

It is important to note that Defendant bears the burden of demonstrating that Plaintiff's Complaint, given an appropriately broad and liberal reading, contains no genuine issues of material facts.  Celotex Corp. v. Catrett, 477 U. S. 317 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

When, as in the instant matter, the evidence of both sides conflicts, the Court must draw all inferences that the truth of such contentions are in favor of the non- moving party.  Clifton, *supra*, at 1090; Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992); White v. Mercury Marine, 129 F.3d 1428 (11th Cir. 1997). Moreover, when a party moves for Summary Judgment and, as an integral part thereof, the Court is presented with conflicting versions of factual occurrences, it must avoid

-1-

weighing such evidence as part of its endeavor to decide the motion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1996). Finally, where a reasonable finder of fact may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." <u>Barfield v. Brierton</u>, 883 F. 2d 923, 933-34 (11th Cir. 1989), <u>Bischoff v. Osceola County, Florida</u>, 222 F. 3d 874 (11th Cir. 2000) citing, <u>Steele v. National Firearms Act Branch</u>, 755 F. 2d 1410 (11th Cir. 1985).

In making the determination as to whether Summary Judgment was appropriate, the Supreme Court has held a fact to be "material" when it is "identified as such by controlling law." <u>Celotex</u>, <i>supra</i> at 248. Assuming the fact to be material, it must be genuinely in issue to avoid Summary Judgment. The Supreme Court has ruled that a fact is genuinely in issue when the evidence is such that a reasonable trier of fact could return a verdict for the non-movant. <u>Id.</u> at 249-50.

Respectfully, Summary Judgment in favor of Defendant is improper in that there remain genuine issues of material fact to present to the trier of fact and Defendant has not demonstrated otherwise. Rather, Defendant offers the Court only conclusory statements of innocence, which are insufficient to warrant Summary Judgment.

## DISPUTED MATERIAL FACTS REMAIN

In his Motion for Summary Judgment, Defendant, **PAUL CIOTTI** (hereinafter referred to as "Defendant"), advises the Court of what he incorrectly refers to as "undisputed facts." To the contrary, and as addressed in Plaintiff's Local Rule 56(a)(2) Statement, several of these very material facts remain in dispute, making Summary Judgment improper.

Defendant advises the Court that smart cards have more than one (1) function. (Please refer

to Defendant's Motion, p. 4, ¶ i.)  Plaintiff does not oppose this statement entirely, but notes that smart cards may be used for illegitimate purposes when used in conjunction with other devices, such as the unlooper Defendant purchased. Significantly, however, Plaintiff does not allege that Defendant purchased and used an illegal smart card to intercept and receive Plaintiff's proprietary signals without Plaintiff's authorization.   Rather, Plaintiff's Complaint clearly alleges that Defendant purchased one (1) Vector Super Unlooper with SU2 Code from Vector Technologies. Unlike a smart card, an unlooper does not have a legitimate function.  An unlooper is designed to break the software looping cycle created by the electronic countermeasures employed by Plaintiff to defeat the unauthorized use of pirate cards, allowing Defendant's unauthorized access to Plaintiff's copyrighted proprietary signals.

Some Courts, such as that in <u>DirecTV v. Karpinsky</u>, 274 F. Supp. 2d 918 (E.D. Mich. 2003), have held that mere possession of a device such as an unlooper is not enough for liability to attach. However, in the instant matter, in his Answers to Interrogatories, Defendant admits that he is a DirecTV subscriber and that he possesses a satellite dish.  Annexed hereto as Exhibit "A" is Defendant's Answers to Plaintiff's Interrogatories.   In addition, Plaintiff is in possession of photographs of Defendant's house in which his DirecTV satellite dish is clearly visible on the far right side of Defendant's roof, near the chimney.  Plaintiff further maintains in its possession an Affidavit in which the photographer attests to observing and taking the photograph of the satellite dish on Defendant's roof on January 27, 2003.  Annexed hereto as Exhibit "B" are the photograph and Affidavit, respectively. As such, Defendant possessed the equipment necessary to intercept and receive Plaintiff's proprietary signals without Plaintiff's authorization.  Finally, attached hereto as Exhibit "C" is Defendant's DirecTV account history, evidencing the fact that Defendant has a

DirecTV subscription.     With a DirecTV satellite dish, smart card and unlooper working in conjunction with each other, Defendant was able to receive Plaintiff's proprietary signals and, as noted in <u>Karpinsky</u>, the trier of fact could reasonable infer that Defendant did, indeed, use the unlooper and his DirecTV equipment to intercept and receive Plaintiff's signals beyond those for which he paid as a subscriber. It is essential to note that the unlooper Defendant purchased from Vector Technologies came with a disclaimer which clearly warns the user that the unlooper must be used in compliance with local, state and federal laws, putting Defendant on notice that he would be held liable for her use of the unlooper for illegal purposes.     Annexed hereto as Exhibit "D" is the disclaimer used by Vector Technologies.

In his Motion, Defendant mischaracterizes as an undisputed fact the statement that he purchased the unlooper for purposes other than to enable him to receive Plaintiff's programming. (Please refer to Defendant's Motion, p.4-5, ¶ ii.) To the contrary, this is not a fact, but a position assumed by Defendant.     Plaintiff unequivocally disputes this statement and alleges instead that Defendant purchased the device with the intention of receiving Plaintiff's programming beyond that for which he paid.

Defendant further incorrectly states in his Motion for Summary Judgment that "Plaintiff has no knowledge of what, if any, signals or programs defendant allegedly intercepted without [making] payment for same" and cites Plaintiff's response to Defendant's Request for Admission, paragraph 4, in support of this "undisputed fact." (Defendant's Motion, p. 5, ¶ viii.) In reality, Plaintiff's response clearly reflects Plaintiff's denial of this misquoted statement. Defendant's fourth Request for Admission states that "DIRECTV does not specifically know what, if any, satellite programming signals or programs Defendant received without paying DIRECTV therefore [sic]." In response to

that request, Plaintiff answers, "Deny, plaintiff admits to not knowing the exact programming viewed however the device in his possession would allow him to access in excess of $75,000.00 in programming per month." Annexed hereto as Exhibit "E" are Defendant's Request for Admissions and Plaintiff's Response to Request for Admissions, respectively. While Plaintiff cannot know what specific programming Defendant received, it does know that the unlooper and the DirecTV equipment in Defendant's possession afforded him unlimited access Plaintiff's proprietary signals, well beyond those for which Defendant paid. It is indisputable that only Defendant knows what programming he actually received and viewed.

## SUMMARY JUDGMENT AS TO 47 U.S.C. §605 IS IMPROPER

The piracy statutes prohibit the unauthorized interception of subscription television scrambled signals. ON/TV of Chicago v. Julien, 763 F.2d 839 (7th Cir. 1985). The piracy statutes provide both criminal and civil penalties to persons in violation of their provisions. Further, a private right of action, such as the one in the instant matter, exists under the piracy statutes. Ciminelli v. Cablevision, 583 F. Supp. 158 (E.D.N.Y. 1984).

Contrary to Defendant's position, liability under the piracy statutes requires only that the defendant has (1) intercepted or aided interception of, and (2) divulged or published, or aided divulging or publishing of, communication transmitted by the plaintiff. California Satellite Systems v. Seimon, 767 F.2d 1364, 11 Media L R 2488 (9th Cir. 1985). With regard to the instant matter, the piracy statutes provide for the recovery of statutory damages. The piracy statutes further provide for the recovery of costs and reasonable attorney's fees to a prevailing plaintiff. International Cablevision, Inc. v. Sykes, 997 F.2d 998 (2d Cir. 1993).

Plaintiff herein is clearly "an aggrieved person" under 47 U.S.C. §605(d)(6), which protects

the very proprietary signals owned and disseminated by Plaintiff and intercepted by Defendant. Plaintiff's alleges that Defendant used the unlooper he purchased from Vector Technologies, in conjunction with the DirecTV satellite dish and smart card or cards in his possession, to intercept and receive Plaintiff's proprietary signals without making payment to Plaintiff for those signals. Plaintiff is entitled to bring the instant action and is further entitled to damages against Defendant for his violation of the piracy statutes. Further, the piracy statutes provide a private right of action by Plaintiff against Defendant. *See*, e.g., Oceanic Cablevision, Inc. v. M.D. Electronics, 771 F. Supp. 1019 (D.C. Neb. 1991).

## SUMMARY JUDGMENT AS TO 18 U.S.C. §2511(1)(a)
## AND §2512(1)(b) IS IMPROPER

For the reasons discussed above, Summary Judgment is improper as to Counts II and III of Plaintiff's Complaint. Significantly, a line of recent cases has established that it is not necessary for the plaintiff to establish that the defendant actually used the device to intercept the plaintiff's proprietary signals; demonstration of mere possession of the intercepting device is sufficient for liability to attach under 18 U.S.C. §2512(1)(b) and 18 U.S.C. §2520(a). DirecTV, Inc. v. Needleman, 2003 U.S. Dist. LEXIS 23645 (D. N.J. Nov. 6, 2003); DirecTV, Inc. v. Dougherty, 2003 U.S. Dist. LEXIS 23654 (D. N.J. Oct. 8, 2003); DirecTV, Inc. v. Gatsiolis, 2003 U.S. Dist. LEXIS 15801 (N.D. Ill. Aug. 27, 2003). Copies of the unpublished cases are annexed hereto, respectively, for the Court's reference.

This notwithstanding, and contrary to Defendant's position, as discussed in Karpinsky, *supra*, Defendant's possession of the satellite reception equipment, equipment necessary for Defendant to receive satellite signals as a DirecTV subscriber, could lead a "reasonable fact-finder...to infer that

[Defendant] in fact unlawfully intercepted or aided in unlawfully intercepting DirecTV satellite signals." <u>Karpinsky</u>, *supra*, at 920.  With his satellite dish, receiver and Vector unlooper working in conjunction with each other, the trial Court may draw a strong inference that Defendant did, indeed, receive Plaintiff's signals beyond those for which he did not pay.

Plaintiff respectfully submits that there clearly exist genuine issues of material fact to present to the trier of fact, making Summary Judgment in this matter improper.

## CONCLUSION

Based on the foregoing, there clearly exists a genuine issue of material fact as to whether Defendant **PAUL CIOTTI** intercepted and received Plaintiff's proprietary signals by using the unlooper he purchased from Vector Technologies in conjunction with the satellite reception equipment already in his possession.  As such, Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment in its entirety, and for such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 9, 2004

Respectfully submitted,

Wayne D. Lonstein
LONSTEIN LAW OFFICE, P.C.
Attorneys for Plaintiff
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
*Our File No.  DTV-3CT-02*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT
## NEW HAVEN

-------------------------------------------------------

DIRECTV, INC.,
a California corporation,

        Plaintiff,

 - against -

CHARLES DESKIN, *et al.,*

        Defendants.

-------------------------------------------------------

**CERTIFICATE OF SERVICE**

Civil Action No.  3-03-CV-00518 DJS
Honorable Dominic J. Squatrito


  I do hereby certify that the foregoing documents in opposition to Summary Judgment were duly served upon the following by overnight mail on February *10,* 2004:

Kenneth D. Quat, Esq.
Damonmill Square, Suite 4A-4
9 Pond Lane
Concord, MA 01742

_____
Wayne D. Lonstein

DIRECTV, Inc., a California Corporation, Plaintiff, v.Needleman, et al., Defendants. DIRECTV, Inc., a California Corporation,Plaintiff, v. Gallagher, et al., Defendants. DIRECTV, Inc., a CaliforniaCorporation, Plaintiff, v. Clark, et al., Defendants.

Civil Action No. 03-2476 (JBS), Civil Action No. 03-2474(JBS), Civil Action No. 03-2477 (JBS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

2003 U.S. Dist. LEXIS 23645

November 6, 2003, Decided
November 6, 2003, Filed

NOTICE:

[*1] NOT FOR PUBLICATION

DISPOSITION: Defendants' motion to dismiss were denied.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff satellite television broadcaster filed suit against defendant viewers alleging that they purchased, possessed, and used illegal intercept devices to steal satellite television programming in violation of *47 U.S.C.S. § 605*(a), *18 U.S.C.S. §§ 2511*(1)(a), § 2512(1)(b). Five viewers moved to dismiss under *Fed. R. Civ. P. 12(b)(6)*.

OVERVIEW: Claims of satellite piracy were controlled by *47 U.S.C.S. § 605*. The complaint alleged the recipient of the broadcaster's satellite signals had to obtain a small satellite dish, that the viewers received and/or assisted others in receiving the broadcaster's transmissions without authorization. The claim under § 605 survived. The complaint alleged the viewers possessed and used the intercept devices to intercept or endeavor to intercept, the broadcaster's transmissions in violation of *18 U.S.C.S. § 2511*(1)(a) and that such devices, or any component thereof, had been or would be sent through the mail or transported in interstate commerce, in violation of *18 U.S.C.S. § 2512*(1)(b). Those claims survived dismissal because the majority view was that *18 U.S.C.S. § 2520*(a) allowed for the recovery of damages against one who possessed an intercepting device. The broadcaster, as a party alleging that its electronic communications had been intercepted or used, stated a direct cause of action against the viewers who allegedly possessed an intercepting device.

OUTCOME: The motions to dismiss were denied.

CORE TERMS: satellite, cable, signal, transmission, motion to dismiss, programming, motions to dismiss, intercepted, intercept, wire, television, intentionally, intercepting, subscriber, electronic communication, cause of action, possessed, mere possession, civil liability, plain language, interception, survive, satellite dish, transmitted, technology, authorization, endeavor, piracy, unlooper, theft

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Motions to Dismiss
[HN1] *Fed. R. Civ. P. 12(b)* provides the applicable standard for a motion to dismiss.

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Failure to State a Cause of Action
[HN2] A motion to dismiss, pursuant to *Fed. R. Civ. P. 12(b)(6)*, tests the legal sufficiency of the complaint. A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. In considering a motion to dismiss, all allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party. When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief can be granted. Dismissal is warranted if it is certain that no relief can be granted under any set of facts which could be proved.

Civil Procedure: Pleading & Practice: Pleadings: Interpretation
[HN3] The pleading requirements of the Federal Rules of Civil Procedure require that statements of claims for relief provide adequate notice, in a simple, concise and direct manner, of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a).*

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service
[HN4] *47 U.S.C.S. § 605* states that a person violates the statute by "receiving," "assisting in receiving" or "intercepting" electronic transmissions without proper authorization.

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service
[HN5] It was Congress' view that *47 U.S.C.S. § 605* is directed solely at radio transmissions to the extent reception or interception occurs prior to or not in connection with cable distribution.

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service
[HN6] The wires that connect a home satellite dish to the living room television arguably constitute facilities incidental to the transmission for purposes of *47 U.S.C.S. § 605.*

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service
[HN7] The plain language of *18 U.S.C.S. § 2511(1)(a)* indicates that a person violates the statute if they intentionally "intercept," "endeavor to intercept," or "procure any other person to intercept or endeavor to intercept" an electronic communication.

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service
[HN8] See *18 U.S.C.S. § 2520(a).*

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service

[HN9] Although Title 18 of the United States Code is generally considered to constitute the criminal code, *18 U.S.C.S. § 2520,* a portion of the Electronic Communications Privacy Act, provides for private causes of action in limited situations.

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service
[HN10] A suit may be brought under *18 U.S.C.S. § 2520(a)* by any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of *18 U.S.C.S. ch. 119. 18 U.S.C.S. § 2520(a)* confers standing on plaintiffs, rather than limits the potential class of defendants. Anyone who violates a provision of the Electronic Communications Privacy Act is a potential civil defendant. The only exception to civil liability is specifically referenced in § 2520(a): providers of wire or electronic communication may furnish information to law enforcement officials without being subject to liability, as provided in *18 U.S.C.S. § 2511(2)(a)(ii).*

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service
[HN11] If Congress had intended to exempt from civil liability those who violated *18 U.S.C.S. § 2512,* it would have specifically listed that exception in *18 U.S.C.S. § 2520(a),* along with the exception for *18 U.S.C.S. § 2511(2)(a)(ii).*

Communications Law: Satellite Services: Direct Broadcast Satellites (DBS)
Communications Law: Related Legal Issues: Theft of Service
[HN12] Where Congress has passed a remedial statute such as the Electronic Communications Privacy Act and created a private cause of action having an explicit exception that is inapplicable, and where a plaintiff alleges that it is an aggrieved party lying within the statutory standing conferred by Congress to redress a violation of that Act, the purposes of the statute are served by private enforcement.

COUNSEL: For Plaintiff: Marc E. Wolin, Esq., CARPENTER, BENNETT & MORRISSEY, Newark, New Jersey.

For Defendants: Jonathan J. Sobel, Esq., GALERMAN, TABAKIN & SOBEL, Marlton, New Jersey.

JUDGES: JEROME B. SIMANDLE, United States District Judge.

OPINIONBY: JEROME B. SIMANDLE

OPINION:
SIMANDLE, District Judge:

This matter comes before the Court on the motions to dismiss of Defendants Connolly and Callahan in DIRECTV v. Needleman, et al. (03-CIV-2476); the motions to dismiss of defendants Gannon and Hunt in DIRECTV v. Gallagher, et al (03-CIV-2474) n1; and a motion to dismiss of defendant D'Andrea in DIRECTV v. Clark, et al. (03-CIV-2477). The principal issue presented here is whether Plaintiff DIRECTV has stated a cause of action upon which relief may be granted under[*2] *47 U.S.C. § 605, 18 U.S.C. § 2511(1)(a)*, or *18 U.S.C. § 2512(1)(b)*. For reasons discussed herein, the motions to dismiss of all Defendants will be denied.

- - - - - - - - - - - - - - - - - Footnotes- - - - - - - - - - - - - - - - -

I

n1 Plaintiff is under the impression that Defendant Ianelli has filed a motion to dismiss as well in DIRECTV v. Gallagher. However, the docket indicates that no such motion has been filed.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - -

I. BACKGROUND

DIRECTV is a California-based company in the business of distributing satellite television broadcasts throughout the United States. Plaintiff's Complaint ("Compl.") P 1. The programming is electronically scrambled by DIRECTV, and is transmitted from satellites to DIRECTV subscribers who receive the signals through the use of DIRECTV hardware including a small satellite dish, an integrated receiver, a DIRECTV access card, and cabling. Compl. P 2. The DIRECTV access card unscrambles the signals for those programs paid for by the subscriber. Id.

A number of companies have[*3] engaged in the internet sale of illegal equipment designed to modify or circumvent DIRECTV's signal-scrambling technology, including Canadian Security and Technology. Compl. P

3. Federal and state law enforcement authorities, with DIRECTV's cooperation, executed a writ of seizure upon a shipping facility used by Canadian Security and Technology. Id. Pursuant to this raid and other raids, DIRECTV obtained sales records listing sales of the illegal equipment to individuals, including many subscribers to DIRECTV programming. Id. According to those records, D'Andrea purchased illegal equipment, including an unlooper, which is designed for the theft of DIRECTV's satellite television programming. Compl. P 10(a).

DIRECTV filed a lawsuit against a number of separate and distinct individual defendants, alleging that they purchased, possessed, and used illegal equipment designed for the purpose of stealing DIRECTV's satellite television programming, in violation of *47 U.S.C. § 605(a), 18 U.S.C. § 2511(1)(a)*, and *18 U.S.C. § 2512(1)(b)*. Before this Court now are five identical motions to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*[*4] .

II. DISCUSSION

A. Applicable Standard for Motion to Dismiss

*Fed. R. Civ. P. 12(b)* [HN1] provides the applicable standard for a motion to dismiss. [HN2] A motion to dismiss, pursuant to *Fed. R. Civ. P. 12(b)(6)*, tests the legal sufficiency of the Complaint. *Conley v. Gibson, 355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)*. A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. *Hishon v. King & Spaulding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)*. In considering a motion to dismiss, all allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party. *Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989)*. When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a court must "accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom." *Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)*.[*5] A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief can be granted. *Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997)*. Dismissal is warranted "if it is certain that no relief can be granted under any set of facts which could be proved." *Klein v. General Nutrition Cos., Inc., 186 F.3d 338, 342 (3d Cir. 1999)* . n2

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - -

n2 [HN3] The pleading requirements of the Federal Rules of Civil Procedure require that statements of claims for relief provide adequate notice, in a simple, concise and direct manner, of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a).* Orders denying motions for a more definite statement were entered as to Defendant Connolly (September 18, 2003 Order of Magistrate Judge Ann Marie Donio), as to Defendant Callahan (September 23, 2003 Order of Magistrate Judge Ann Marie Donio), as to Defendant Gannon (October 17, 2003 Order of Magistrate Judge Ann Marie Donio), and as to Defendant Hunt (October 17, 2003 Order of Magistrate Judge Ann Marie Donio). No orders have been entered either denying or granting such motions as to Defendants Ianelli or D'Andrea.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - -
- - - -

[*6]

B. Violation of *47 U.S.C. § 605*

Plaintiff seeks damages for violations of *47 U.S.C. § 605.* Defendants, however, assert that, according to applicable case law, there is no right of recovery under *section 605.* [HN4] *Section 605* states that a person violates the statute by "receiving," "assisting in receiving" or "intercepting" electronic transmissions without proper authorization. Accordingly, DIRECTV must prove that Defendants "received, assisted in receiving or intercepted" Plaintiff's satellite transmission to prevail under this count of the complaint.

Defendants argue that because the complaint alleges only that they purchased an unlooper from Canadian Security and Technology and "received or otherwise assisted in the unauthorized interception, reception, or exhibition ... without authorization, in violation of *47 U.S.C. § 605(a),*" see Compl. P 21, Plaintiff has not established a claim of violation of *section 605(a).* Defendants argue that Plaintiff has failed to aver whether Defendants were a subscriber to DIRECTV. Instead, DIRECTV alleges nothing more than mere possession of the devices which would ostensibly[*7] enable Defendants to receive satellite transmissions; the pirate access device, itself, according to Defendants, would not be sufficient to receive satellite transmissions.

Though both Plaintiff and Defendants rely upon the Third Circuit's decision in *TKR Cable Co. v. Cable City Corp., 267 F.3d 196 (3d Cir. 2001),* Plaintiff's reading of that case seems most plausible. In TKR, the plaintiff provided "cable television services" to subscribers in central New Jersey. *TKR, 267 F.3d at 197.* The services involved transmitting signals from "Piscataway to the homes of its subscribers through a network of cable wiring and equipment." Id. Defendant, Cable City, sold cable television piracy decoders, that would enable purchasers of such equipment to intercept the cable signals and obtain premium and pay-per-view programming without paying for them. *Id. at 198.* After plaintiff learned of Cable City's conduct, it brought suit pursuant to *47 U.S.C. § 553* and *47 U.S.C. § 605.* The district court found that Cable City's conduct violated both *§§ 553 and 605,* and awarded TKR statutory damages pursuant[*8] to *§ 605 . Id. at 196-97.* Cable City appealed, contending that *§ 605* did not apply to theft of cable "signals sent over terrestrial cable lines," and that *§ 553* is the "sole statutory remedy for cable piracy." *Id. at 197.*

Based on the historical background of *§§ 553 and 605,* in analyzing a *§ 605* claim, the Third Circuit focused on whether the pirated TKR signals were wire communications (i.e. cable) or radio communications (i.e. satellite). The facts established that TKR distributed some of its signals in a two-step process: first, some of its premium programming, such as HBO, originated with satellite signals transmitted from space to TKR's centralized facility in Piscataway; then TKR would send those signals over cable lines to a subscriber's residence. *Id. at 203-04.* TKR argued that although it transmitted signals to customers over cable lines, *§ 605* should apply because TKR originally obtained the signal from a satellite. *Id. at 204.* The Court rejected this argument, concluding that "once a satellite transmission reaches a cable system's wire distribution phase, it is subject to *§ 553* and is no longer in[*9] the purview of *§ 605.*" *Id. at 207.*

In this case, the signals are communicated solely through satellite transmissions, which means that the signals travel from the space satellite directly to the satellite dish at a person's home, with no intervention on the part of DIRECTV. See Compl. PP 1-2. Unlike the *TKR* case, there is no cable distribution system present here. The Third Circuit held that [HN5] it was "Congress' view that *§ 605* is directed solely at radio transmissions 'to the extent reception or interception occurs prior to or not in connection with' cable distribution, and that *§ 553* applies to theft of all signals being transmitted over a cable system." *TKR, 267 F.3d at 206-07.*

The Third Circuit also recognized that [HN6] "the wires that connect a home satellite dish to the living room television arguably constitute facilities incidental to the transmission. However, the entire cable transmission infrastructure of a city or suburban area, a structure that provides a foundation for a significant business ... cannot be considered a mere instrumentality to transmission." *Id. at 202.* The complaint here is clear that DIRECTV's services[*10] include a "broadcast satellite system [that is delivered] ... to more than 10 million homes," and that it sends its signal programming to those homes via "satellite transmissions," and that the recipient of the signals must obtain a "small satellite dish." Compl. PP 1-2. Such claims of satellite piracy are thus controlled by *§ 605.*

Finally, Plaintiff's complaint alleges more than mere possession of the device. While it is true, as Defendants assert, that DIRECTV has pled that Defendants possessed unloopers, it has also pled that "defendants have received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of *47 U.S.C. § 605(a)* ." Compl. P 21.

Therefore, accepting all allegations of the complaint as true, DIRECTV's claim under *§ 605* should survive a motion to dismiss.

C. Violation of *18 U.S.C. § 2511(1)(a)*

[HN7] The plain language of *§ 2511(1)(a)* indicates that a person violates the statute if they intentionally "intercept," "endeavor to intercept," or "procure any other person to intercept or endeavor to intercept" an electronic communication. Here, [*11] DIRECTV has alleged more than mere possession of an illegal acess device by Defendants.

In addition to the allegations that Defendants purchased and received the device, DIRECTV alleges that:

By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programing, Defendants intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of *18 U.S.C. § 2511(1)(a)* [; and]

Defendants possessed and used Pirate Access Devices, knowing or having reason to know that the design of such devices renders them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions of television programming, and

that such devices, or any component thereof, have been or will be sent through the mail or transported in interstate commerce, in violation of *18 U.S.C. § 2512(1)(b).*

Compl. PP 25, 29 (emphasis added). Clearly, Plaintiff's wording of its complaint, when viewed in the light most favorable to plaintiff, survives [*12]a motion to dismiss by Defendants.

Defendants cite to *DIRECTV v. Karpinsky, 269 F. Supp. 2d 918 (E.D. Mich., June 17, 2003)* ("Karpinsky I"), to support the assertion that civil liability is limited to affirmative acts of interception. However, on July 31, 2002, the U.S. District Court vacated the portion of Karpinsky I that applied to DIRECTV's claims and reinstated all of them. See *DIRECTV, Inc. v. Karpinsky, 274 F. Supp. 2d 918 (E.D. Mich., July 31, 2003)* ("Karpinsky II"). Karpinsky II plainly establishes, as a matter of law, that all of the claims asserted by DIRECTV are cognizable. *Karpinsky II, 274 F. Supp. 2d at 922.* As Plaintiff argues, if such claims remain viable after taking discovery, then the claims must be cognizable at the pleading stage as well and thereby survive a motion to dismiss.

In support for the proposition that DIRECTV's complaint should survive a motion to dismiss, Plaintiff additionally points to *18 U.S.C. § 2520(a)*, which authorizes a civil claim for relief, based on violations of *18 U.S.C. §§ 2511(1)(a) and 2512(1)(b)*. *18 U.S.C. § 2520[*13] (a)* states:

[HN8] Except as provided in *section 2511(2)(a)(ii)*, any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

Plaintiff argues that even assuming, arguendo, that DIRECTV has alleged nothing more than possession, Defendants' motion to dismiss should still be denied because the plain language of *§ 2520* states that "except as provided in *§ 2511(2) (a) (ii)*," a civil remedy exists for any "violation of [the Act]." Had Congress intended to exempt violations of *§ 2512(1) (b)* from civil remedy, Plaintiff argues, it would have included language to that effect in *§ 2520*, as it did for *§ 2511(2)(a)(ii)*.

D. Violation of *18 U.S.C. § 2512(1)(b)*

Defendants also move to dismiss Count III, arguing that no private cause of action is available for the violation of *18 U.S.C. § 2512 (a criminal statute).* [HN9]

2003 U.S. Dist. LEXIS 23645, *

Although Title 18 of the United States Code is generally considered to constitute the criminal[*14] code, *18 U.S.C. § 2520*, a portion of the Electronic Communications Privacy Act ("ECPA"), provides for private causes of action in limited situations. Defendants claim the instant case is not one of those situations.

Defendants argue that the plain language of *18 U.S.C. § 2520(a)* makes clear that the Electronic Communications Privacy Act provides a private cause of action when a party's electronic communication is intercepted, disclosed, or intentionally used, but not for mere possession of a device. *Section 2520(a)* states in relevant part:

Except as provided in *section 2511(2)(a)(ii)*, any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

*18 U.S.C. § 2520(a).*

Until very recently, a majority of courts followed the Fourth Circuit Court of Appeals in *Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985),* which held that the ECPA does not provide a private cause of action against those[*15] who posses an intercepting device in violation of § 2512. Flowers reasoned that the plain language of § 2512 does not provide a civil remedy against one who merely possessed an intercepting device, since only those "whose wire, oral or electronic communications is intercepted, disclosed, or intentionally used in violation" of the Act may seek civil relief. *Flowers, 773 F.2d at 588-89.* n3 The Third Circuit has not addressed the issue.

- - - - - - - - - - - - - - - - - Footnotes- - - - - - - - - - - - - - -

n3 Various district courts have agreed with Flowers. See e.g., *DirecTV, Inc. v. Childers, 274 F. Supp. 2d 1287, 2003 WL 21782295, *2 (M.D. Ala. July 29, 2003); DirecTV, Inc. v. Cardona, 275 F. Supp. 2d 1357, 2003 WL 21910578, *7 (M.D. Fla. July 8, 2003); DirecTV, Inc. v. Amato, 269 F. Supp. 2d 688, 2003 WL 21537206, *3 (E.D. Va. June 20, 2003); AGES Group, L.P. v. Raytheon Aircraft Co., Inc., 22 F. Supp. 2d 1310, 1315 (M.D. Ala. 1998).*

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

In *DirecTV, Inc. v. Dougherty, 2003 U.S. Dist. LEXIS 23654, Civ. No. 02-5576, slip op. at 3-4 (D.N.J. Oct. 8, 2003),* however, Judge Freda Wolfson [*16]held that Plaintiff has adequately shown that the recently developed majority view n4 is that § 2520(a) does allow for the recovery of damages against one who possesses an intercepting device. Judge Wolfson wrote, "it appears that the majority position, and the better view, is that the ECPA allows for recovery of civil damages against one who possesses an intercepting device in violation of § 2512." *2003 U.S. Dist. LEXIS 23654 at [WL] 4.*

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n4 Numerous recent (unpublished) decisions by district courts around the country have implicitly or explicitly rejected Flowers by finding that § 2520(a) does subject possessors of intercepting devices to civil liability. DirecTV, Inc. v. Cino, Civ. No. 03-2430 (D.N.J. September 17, 2003) (Judge Cooper); DirecTV, Inc. v. Crothers, Civ. No. 03-2432 (D.N.J. September 17, 2003) (Judge Cooper); *DirecTV, Inc. v. Gatsiolis, 2003 U.S. Dist. LEXIS 15801,* Civ. No. 03-3534 (N.D. Ill. August 27, 2003); *DirecTV, Inc. v. Karpinsky, 274 F. Supp. 2d 918, Civ. No. 02-73929 (E.D. Mich. July 31, 2003);* DirecTV, Inc. v. Megar, Civ. No. 03-20247 (S.D. Fla. July 2, 2003); DirecTV, Inc. v. Diaz, Civ. No. 6:03-cv-232-Orl-31JGG (M.D. Fla. June 27, 2003); DirecTV, Inc. v. Gibson, Civ. No. 3:03-cv-398-J-16HTS (M.D. Fla. June 27, 2003); *DirecTV, Inc. v. Drury, 282 F. Supp. 2d 1321, Civ No. 8:03-CIV-850-T-17-TGW (M.D. Fla. June 26, 2003);* DirecTV, Inc. v. LaAndy, Civ. No. H-03-0836 (S.D. Tex. June 17, 2003); DirecTV, Inc. v. Gonzalez, Civ. No. 03-80376-CIV-HURLEY (S.D. Fla. May 25, 2003); DirecTV, Inc. v. Garcia, Civ. no. 03-20452 (S.D. Fla. May 21, 2003); *DirecTV, Inc. v. Calamanco, 2003 U.S. Dist. LEXIS 21730,* Civ. No. 024102-MWB (N.D. Iowa Jan. 21, 2003).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Judge Wolfson reasoned as follows: [HN10] A suit may be brought under § 2520(a) by "any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." Id. (citing 18 U.S.C. § 2520(a)). The quoted phrase, Judge Wolfson continued, confers standing on plaintiffs, rather than limits the potential class of defendants. See DirecTV, Inc. v. Gatsiolis, 2003 U.S. Dist. LEXIS 15801, Case No. 03-CV-3534, slip op. at 4 (N.D. Ill. August 27, 2003). Anyone who violates a provision of the ECPA is a potential civil defendant. Id. The only exception to civil liability is specifically referenced in § 2520(a): providers of wire or electronic communication may furnish information to law enforcement officials without being subject to liability, "as provided in section 2511(2)(a)(ii)." Thus, Judge Wolfson found persuasive Plaintiff's argument that [HN11] if Congress had intended to exempt from civil liability those who violated § 2512, it would have specifically listed that exception in § 2520(a), along with the exception for § 2511(2)(a)(ii)." This Court agrees that Plaintiff, as a party alleging that its electronic communications have[*18] been intercepted or used, states a direct cause of action against Defendants who allegedly possessed an intercepting device in violation of § 2512. [HN12] Where Congress has passed a remedial statute such as ECPA and created a private cause of action having an explicit exception inapplicable here, and where Plaintiff alleges that it is an aggrieved party lying within the statutory standing conferred by Congress to redress a violation of that act, the purposes of the statute are served by private civil enforcement of the type sought here.

Therefore, here too, accepting all allegations of the complaint as true, DIRECTV's allegations under 18 U.S.C. § 2512 state a claim upon which relief may be granted.

III. CONCLUSION

For the reasons expressed in this Opinion, Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be denied. The accompanying Order will be entered.

November 6, 2003

Date

JEROME B. SIMANDLE

United States District Judge

ORDER

Filed: November 6, 2003

This matter having come before the Court upon Defendants Connolly and Callahan's motions to dismiss in DIRECTV [*19] v. Needleman, et al. (03-CIV-2476) [Docket Item Nos. 27-1 and 38-1], Defendants Gannon and Hunt's motions to dismiss in DIRECTV v. Gallagher, et al. (03-CIV-2474) [Docket Item Nos. 26-1 and 20-1], and Defendant D'Andrea's motion to dismiss in DIRECTV v. Clark, et al. (03-CIV-2477) [Docket Item No. 23-1] pursuant to Fed. R. Civ. P. 12(b)(6); and the Court having considered the parties' submissions, and the Oral Arguments of counsel, and for the reasons stated in the Opinion of today's date; and for good cause shown;

IT IS this 6th day of November, 2003 hereby

ORDERED that Defendants Connolly and Callahan's motions to dismiss in DIRECTV v. Needleman, et al. (03-CIV-2476) [Docket Item Nos. 27-1 and 38-1] shall be, and hereby are, DENIED; and

IT IS FURTHER ORDERED that Defendants Gannon and Hunt's motions to dismiss in DIRECTV v. Gallagher, et al. (03-CIV-2474) [Docket Item Nos. 26-1 and 20-1] shall be, and hereby are, DENIED; and

IT IS FURTHER ORDERED that Defendant D'Andrea's motion to dismiss in DIRECTV v. Clark, et al. (03-CIV-2477) [Docket Item No. 23-1] shall be, [*20]and hereby is, DENIED.

JEROME B. SIMANDLE

United States District Judge

DIRECTV, Inc., a California Corporation, Plaintiff, v.PAUL DOUGHERTY and DAVID WHALEN,
Defendants.

Civil Action No. 02-5576 (FLW)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

2003 U.S. Dist. LEXIS 23654

October 8, 2003, Decided

NOTICE:

[*1] NOT FOR PUBLICATION

PRIOR HISTORY: *DirecTV, Inc. v. Dougherty, 2003
U.S. Dist. LEXIS 23666 (D.N.J., Sept. 10, 2003)*

DISPOSITION: Plaintiff's motion for reconsideration
granted. Portions of memorandum opinion and order
entered September 11, 2003, vacated and amended.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff, a satellite
television company, filed a motion pursuant to N.J. L.R.
7.1(g) for partial reconsideration of the court's earlier
opinion and order. The company asked the court to
reconsider its holding that as a matter of law, the
company could not recover damages from defendant
consumers for the consumers' alleged violations of *18
U.S.C.S. § 2512* of the Electronic Communications
Privacy Act (ECPA) and the corresponding state law.

OVERVIEW: The company alleged that it was entitled
to damages for the consumers' violations of *18 U.S.C.S.
§ 2512* and *N.J. Stat. Ann. § 2A:156A-5* of the New
Jersey Wiretapping Act (New Jersey Act). The court
held initially that analysis of the state and federal act was
similar. The court held that in light of caselaw cited by
the company, a recently developed majority view had
determined that *18 U.S.C.S. § 2520* of the ECPA allowed
for recovery of damages against individuals, such as the
consumers, that possessed a satellite intercepting device.
The court found that the only protection to civil liability
under the ECPA was for law enforcement officials as
provided for in *18 U.S.C.S. § 2511(2)(a)(ii)*. The court
held, upon reconsideration, that the better view was that
the ECPA allowed for recovery of civil damages against
entitled that had violated *18 U.S.C.S. § 2512*, and that
similarly liability could be found under *N.J. Stat. Ann. §*
*2A:156A-5* of the New Jersey Act. The court held that
the company had met its burden of showing that one of
the devices at issue was generally used for illegal
interception and would be held to the same burden with
respect to two other devices at issue.

OUTCOME: The court granted the company's motion
for reconsideration. The court vacated and amended its
earlier opinion and order.

CORE TERMS: reconsideration, intercepting,
evidentiary hearing, vacated, electronic communication,
wire, civil liability, interception, satellite, illicit,
intentionally, intercepted, factors listed, moving papers,
state law, wiretapping, transmissions, counterpart,
overlooked

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Relief From Judgment: Relief Generally
[HN1] In the District of New Jersey, U.S. Dist. Ct., D.
N.J. R. 7.1(g) allows a party to seek reconsideration of a
court's decision if there are matters or controlling
decisions which counsel believes the judge or magistrate
judge has overlooked. A motion under Local Rule 7.1(g)
may be granted if: (1) an intervening change in the
controlling law has occurred; (2) evidence not previously
available has become available; or (3) it is necessary to
correct a clear error of law or prevent manifest injustice.
The court will only entertain such a motion if the matters
overlooked might reasonably have resulted in a different
conclusion.

Communications Law: Related Legal Issues: Privacy
[HN2] The New Jersey Wiretapping Act, *N.J. Stat. Ann.*
*2A:A56A-5* is closely modeled after and made to
substantially parallel the Federal Wiretapping Act, i.e.
the Electronic Communications Privacy Act. The court's

2003 U.S. Dist. LEXIS 23654, *

analysis of *18 U.S.C.S. § 2512* is equally applicable to its state law counterpart, *N.J. Stat. Ann. § 2A:156A-5.*

Communications Law: Related Legal Issues: Theft of Service
Communications Law: Related Legal Issues: Privacy
[HN3] The recently developed majority view is that *18 U.S.C.S. § 2520*(a) does allow for the recovery of damages against one who possesses an intercepting device. Such a suit may be brought by any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of the Electronic Communications Privacy Act. *18 U.S.C.S. § 2520*(a).

Communications Law: Related Legal Issues: Theft of Service
Communications Law: Related Legal Issues: Privacy
[HN4] Anyone who violates a provision of the Electronic Communications Privacy Act is a potential defendant. The only exception to civil liability is specifically referenced in *18 U.S.C.S. § 2520*(a): providers of wire or electronic communication may furnish information to law enforcement officials without being subject to liability, as provided in *18 U.S.C.S. § 2511*(2)(a)(ii). *18 U.S.C.S. § 2520*(a). If Congress had intended to exempt from liability those who violated *18 U.S.C.S. § 2512*, it would have specifically listed that exception in *18 U.S.C.S. § 2520*(a), along with the exception for *18 U.S.C.S. § 2511*(2)(a)(ii).

Civil Procedure: Relief From Judgment: Relief Generally
[HN5] Ordinarily, motions for reconsideration are not an opportunity to argue what could have been, but was not, argued in the original set of moving papers.

Communications Law: Related Legal Issues: Theft of Service
Communications Law: Related Legal Issues: Privacy
Civil Procedure: Remedies: Damages
[HN6] For violations of more than one provision of the Electronic Communications Privacy Act, a plaintiff is entitled to only one statutory damages award of $10,000. A multiple recovery of the liquidated damage amount, based on different violation types, is not available. Thus, a plaintiff may seek damages for violation of either *18 U.S.C.S. § 2511* or § 2512.

Communications Law: Related Legal Issues: Theft of Service
Communications Law: Related Legal Issues: Privacy
Civil Procedure: Remedies: Damages
[HN7] With respect to the New Jersey Wiretapping Act, a plaintiff may seek statutory damages of $1,000 for violation of either *N.J. Stat. Ann. § 2A:156A-3* or *N.J. Stat. Ann. § 2A:156A-5.*

Communications Law: Related Legal Issues: Theft of Service
Communications Law: Related Legal Issues: Privacy
Civil Procedure: Remedies: Damages
[HN8] A plaintiff may receive separate damages awards under the Electronic Communications Privacy Act and the New Jersey Wiretapping Act for each device purchased by a defendant, if plaintiff can show that each of the devices at issue is primarily used for illicit interception of satellite transmissions.

Communications Law: Related Legal Issues: Theft of Service
Communications Law: Related Legal Issues: Privacy
Civil Procedure: Remedies: Damages
[HN9] Under the Electronic Communications Privacy Act, a plaintiff may be awarded statutory damages of $10,000, or nothing, at the court's discretion. Under the New Jersey Wiretapping Act, however, statutory damages of $1,000 are mandatory.

COUNSEL: For Directv, Inc, PLAINTIFF: Marc E Wolin, Carpenter, Bennett & Morrissey, Newark, NJ USA.

JUDGES: Honorable Freda L. Wolfson, United States District Judge.

OPINIONBY: Freda L. Wolfson

OPINION: MEMORANDUM OPINION

Wolfson, District Judge:

    Plaintiff DirecTV, Inc. (" DirecTV ") brings this motion, pursuant to *Local Civil Rule 7.1(g)*, for partial reconsideration of the Court's Memorandum Opinion and Order entered on September 11, 2003. Plaintiff asks this Court to reconsider its holding that as a matter of law damages are not recoverable from one who violates *18 U.S.C. § 2512* of the Electronic Communications Privacy Act ("ECPA") and its state law counterpart, *N.J.S.A. 2A:156A-5.* Plaintiff also seeks reconsideration of the Court's finding that the factors listed in *Goodspeed v. Harman, 39 F. Supp. 2d 787 (N.D. Tex. 1999)* would be relevant in the event a damages hearing were held. For the reasons that follow, plaintiff's[*2] motion for reconsideration is granted, and portions of the Court's September 11, 2003 Memorandum Opinion and Order are vacated and amended, in accordance with the discussion below.

I. STANDARD FOR RECONSIDERATION

[HN1] In the District of New Jersey, *Local Civil Rule 7.1(g)* allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." *L. Civ. R. 7.1(g)* (quoted in *Interfaith Community Organization v. Honeywell International, Inc., 215 F. Supp. 2d 482, 507 n.12 (D. N.J. 2002)*). A motion under *Local Rule 7.1(g)* may be granted if: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Interfaith Community, 215 F. Supp. 2d at 507* (citations omitted). The court will only entertain such a motion if the matters overlooked might reasonably have resulted in a different conclusion. *Bowers v. National Collegiate Athletic Association, Act, Inc., NCAA, 130 F. Supp. 2d 610, 613 (D. N.J. 2001)*.[*3]

II. *18 U.S.C. § 2512 AND N.J.S.A. 2A:156A-5*

As this Court found in its *Memorandum Opinion of September 11, 2003, 2003 U.S. Dist. LEXIS 23666* ("Dougherty I"), and as plaintiff agrees in its motion for reconsideration, [HN2] the New Jersey Wiretapping Act was closely modeled after and made to substantially parallel the Federal Wiretapping Act, i.e. the ECPA. *State v. Minter, 116 N.J. 269, 275, 561 A.2d 570 (1989)*. Therefore, the following analysis of *18 U.S.C. § 2512* is equally applicable to its state law counterpart, *N.J.S.A. 2A:156A-5*.

In Dougherty I, this Court followed the Fourth Circuit Court of Appeals in *Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985)*, in holding that the ECPA does not provide a private cause of action against those who possess an intercepting device in violation of *§ 2512*. The ECPA provides for civil liability in *§ 2520(a)*:

Except as provided in section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity ... which engaged[*4] in that violation such relief as may be appropriate.

Flowers reasoned that the plain language of *§ 2520(a)* does not provide a civil remedy against one who merely possesses an intercepting device, since only those "whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation" of the Act may seek civil relief. *Flowers, 773 F.2d at 588-89*. Many district courts have agreed with Flowers. *DirecTV, Inc. v. Childers, 274 F. Supp. 2d 1287, 2003 WL 21782295, *2 (M.D. Ala. 2003); DirecTV, Inc. v. Cardona, 275 F. Supp. 2d 1357, 2003 WL 21910578, * 7*

*(M.D. Fl. 2003); DirecTV, Inc. v. Amato, 269 F. Supp. 2d 688, 2003 WL 21537206, * 3 (E.D. Va. 2003); AGES Group. L.P. v. Raytheon Aircraft Co., Inc., 22 F. Supp. 2d 1310, 1315 (M.D. Ala. 1998)*. As noted in Dougherty I, other district courts have disagreed with Flowers. *DirecTV, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1084 (C.D. CA 2002); Oceanic Cablevision, Inc. v. M.D. Electronics, 771 F. Supp. 1019, 1028 (D. Neb. 1991)*.[*5]

In its motion for reconsideration, plaintiff calls the Court's attention to numerous recent decisions (unpublished), in which other district courts have implicitly or explicitly rejected Flowers by finding that *§ 2520(a)* does subject possessors of intercepting devices to civil liability. *DirecTV, Inc. v. Cino, Case No. 03-CV-2430(MLC) (D. N.J. Order, September 17, 2003); DirecTV, Inc. v. Crothers, Case No. 03-CV-2432 (MLC) (D. N.J. Order, September 17, 2003); DirecTV, Inc. v. Gatsiolis, 2003 U.S. Dist. LEXIS 15801, Case No. 03 C 3534 (N.D. Ill. August 27, 2003); DirecTV, Inc. v. Karpinsky, 274 F. Supp. 2d 918 (E.D. Mich. 2003); DirecTV. Inc. v. Megar, Case No. 03-20247-CIV-MARTINEZ (S.D. Fla. July 2, 2003); DirecTV, Inc. v. Diaz, Case No. 6:03-cv-232-Orl-31JGG (M.D. Fla. June 27, 2003); DirecTV, Inc. v. Gibson, Case No. 3:03-cv-356-J-16TEM (M.D. Fla. June 27, 2003); DirecTV, Inc. v. Gattone, Case No. 3:03-cv-398-J-16HTS (M.D. Fla. June 27, 2003); DirecTV, Inc. v. Drury, 282 F. Supp. 2d 1321 (M.D. Fla. 2003); DirecTV, Inc. v. LaAndy, Case No. H-03-0836 (S.D. Tex. June 17, 2003); DirecTV. Inc. v. Gonzalez, Case No. 03-80376-CIV-HURLEY (S.D. Fla. May 25, 2003)*[*6] ; *DirecTV, Inc. v. Garcia, Case No. 03-20452 (S.D. Fla. May 21, 2003); DirecTV, Inc. v. Calamanco, 2003 U.S. Dist. LEXIS 21730, Case No. C 024102-MWB (N.D. Iowa Jan. 21, 2003)*.

Plaintiff has adequately shown that [HN3] the recently developed majority view is that *§ 2520(a)* does allow for the recovery of damages against one who possesses an intercepting device. Such a suit may be brought by "any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." *18 U.S.C. § 2520(a)*. Thus, the quoted phrase confers standing on plaintiffs, rather than limits the potential class of defendants. *Gatsiolis, 2003 U.S. Dist. LEXIS 15801, Case No. 03 C 3534 at p. 4*. [HN4] Anyone who violates a provision of the ECPA is a potential defendant. Id. The only exception to civil liability is specifically referenced in *§ 2520(a)*: providers of wire or electronic communication may furnish information to law enforcement officials without being subject to liability, "as provided in *section 2511(2)(a)(ii)*." *18 U.S.C. § 2520(a)*. In that connection, plaintiff presents a convincing argument in its pending motion, that if Congress [*7] had intended to exempt

Plaintiff's motion for reconsideration is granted. On reconsideration, portions of this Court's Memorandum Opinion and Order, entered September 11, 2003, are vacated and amended in accordance with this Memorandum Opinion.

The Honorable Freda L. Wolfson,

United States District Judge

ORDER

Wolfson, District Judge:

This matter having been opened to the Court by Marc E. Wolin, Esq., counsel for plaintiff, DirecTV, Inc., seeking reconsideration of this Court's Memorandum Opinion and Order entered September 11, 2003, pursuant to *Local Civil Rule 7.1(g)*; the[*11] Court having reviewed the moving papers, there having been no opposition filed; this matter being decided pursuant to *Fed. R. Civ. P. 78*; for the reasons set forth in the Memorandum Opinion filed on this date; and for good cause shown,

IT IS, on this 8th day of October, 2003,

ORDERED that portions of the Court's Memorandum Opinion and Order entered September 11, 2003 shall be vacated and amended in accordance with the accompanying Memorandum Opinion; and it is further

ORDERED that there shall be an evidentiary hearing held on October   , 2003, at 10 a.m., in Courtroom 3A of the Mitchell H. Cohen U.S. Courthouse, 1 John F. Gerry Plaza, Camden, N.J. 08101; and it is further

ORDERED that if plaintiff makes the requisite showing at the evidentiary hearing, a hearing on damages shall be held immediately thereafter; and it is further

ORDERED that plaintiff shall provide defendant David Whalen notice of these hearings upon receipt of this Order.

The Honorable Freda L. Wolfson,

United States District Judge

DIRECTV, Inc., Plaintiff, v. ALEX GATSIOLIS, et al.,Defendants.
No. 03 C 3534

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OFILLINOIS, EASTERN DIVISION

2003 U.S. Dist. LEXIS 15801

August 27, 2003, Decided
September 10, 2003, Docketed

SUBSEQUENT HISTORY: Motion granted by, Complaint dismissed at, in part *DIRECTV, Inc. v. Gatsiolis, 2003 U.S. Dist. LEXIS 20275 (N.D. Ill., Nov. 10, 2003)*

DISPOSITION: [*1] Defendant's motion to dismiss count of complaint denied.

CASE SUMMARY:

PROCEDURAL POSTURE: Defendant individual filed a motion pursuant to *Fed. R. Civ. P. 12(b)(6)* to dismiss a claim by plaintiff satellite provider for violations of *18 U.S.C.S. §§ 2512* and *2520*.

OVERVIEW: The complaint charged the individual with using pirate materials to intercept satellite signals. One count alleged that he knowingly possessed, manufactured, or assembled devices primarily useful for surreptitious interception of electronic communication that had been sent through the mail in violation of *18 U.S.C.S. § 2512*. The count incorporated by reference allegations that the individual intercepted, disclosed, and/or intentionally used the satellite provider's electronic communications. The individual argued that, as a matter of law, *18 U.S.C.S. § 2520* did not support a civil cause of action for violations of *18 U.S.C.S. § 2512*. The court held that to initiate a civil action under *18 U.S.C.S. § 2520*, the satellite provider had to prove that it was a person whose wire, oral, or electronic communication was intercepted, disclosed, or intentionally used in violation of the chapter. Once the satellite provider met that standing threshold, it could then pursue relief from the appropriate defendant (i.e. the person or entity which engaged in the violation as defined in *18 U.S.C.S. § 2520*(a)) for a violation of any of the subsections of Chapter 119 of Title 18 of the U.S. Code.

OUTCOME: The court denied the motion to dismiss.

CORE TERMS: right of action, electronic communications, electronic communication, interception, intercepted, intentionally, disclosure, intercept, cause of action, civil liability, manufacture, satellite, initiate, entity, wire

LexisNexis (TM) HEADNOTES - Core Concepts:

COUNSEL: For Directv Inc, PLAINTIFF: Paul Alan Rettberg, Timothy R Rabel, Anne M Belanger, David L Laporte, Ernie Burden, Adam C Toosley, Querrey & Harrow, Ltd, Chicago, IL USA.

JUDGES: David H. Coar, United States District Judge.

OPINIONBY: David H. Coar

OPINION: MEMORANDUM OPINION AND ORDER

Plaintiff DIRECTV, Inc., has sued Defendant Richard George and others for violations of, among other statutes, provisions of *18 U.S.C. § 2512* under *18 U.S.C. § 2520*. Defendant George has moved to dismiss Count III of the Complaint for failure to state a claim under *Federal Rule of Civil Procedure 12(b)(6)*. The parties have briefed the issue fully and it is now ripe for decision.

Factual and Procedural Background

On May 22, 2003, Plaintiff Directv, Inc. ("Plaintiff" or "Directv") filed a five count complaint in this Court against all Defendants. In general terms, the Complaint charges the defendants with using pirate materials to intercept satellite signals that are intended solely for Plaintiff's paying customers. Count III, which Defendant George seeks to dismiss here, alleges that defendants knowingly[*2] possessed, manufactured, or assembled devices primarily useful for surreptitious interception of electronic communication that had been sent through the mail in violation of *18 U.S.C. § 2512*. Count III also incorporates by reference the earlier allegations that the

defendants intercepted, disclosed, and/or intentionally used Plaintiff's electronic communications.

The Court accepts the well-pleaded allegations of the Complaint as true on a Motion to Dismiss. In his Motion, Defendant George wisely does not seek to challenge the facts in the Complaint. Instead, George's Motion to Dismiss rests solely on the argument that, as a matter of law, *18 U.S.C. § 2520* does not support a civil cause of action for violations of *18 U.S.C. § 2512*. As with all motions to dismiss, it will only be granted if the facts as alleged would not entitle the plaintiff to relief.

The statute under which this lawsuit is filed is somewhat unusual. Ordinarily, the task of policing violations of the federal criminal code is the exclusive province of the U.S. Attorney's Office. In some areas, though, Congress determines that it is appropriate[*3] to provide the opportunity for aggrieved parties to redress their grievances without regard to criminal prosecution. This statute provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to seek damages from "the person or entity . . . which engaged in that violation." *18 U.S.C. § 2520(a)*.

The Defendant's position is that the first clause of *§ 2520(a)* which mentions "interception, disclosure, or intentional use[]" of the electronic communication limits the private right of action to violations of those portions of the chapter which prohibit interception, disclosure, or intentional use. Since *§ 2512* does not prohibit interception, disclosure, or intentional use of electronic communications, under Defendant's interpretation, a private right of action could not stand based on this section of the chapter.

Defendant seeks support in an unpublished order in litigation from the Middle District of Florida. See *Directv, Inc. v. Thacker*, No. 6:03-cv-239-Orl-28DAB (M.D. Fla. Apr. 15, 2003) (order dismissing complaint under *18 U.S.C. § 2512* [*4]without prejudice) (attached to Def. Mot. Dismiss). The order in that case does not support Defendant's position, though, as it dismissed the complaint with leave to amend due to a pleading defect. There are two soon to be published cases that do support the Defendant's position, one of which, Amato, Defendant also cites. See *Directv, Inc. v. Cardona*, *F. Supp. 2d* , *2003 WL 21910578*, at *7 (M.D. Fla. July 8, 2003); *Directv, Inc. v. Amato*, *2003 U.S. Dist. LEXIS 12722*, *F. Supp. 2d* , *2003 WL 21537206*, at *4 (E.D. Va. June 20, 2003). In Cardona, the court unambiguously held that civil liability under *18 U.S.C. § 2520* is limited to "persons who intercept, disclose, or use electronic communications; that class of persons

does not include manufacturers, assemblers, possessors, and sellers of satellite decrypters." Cardona, *F. Supp. 2d* , *2003 WL 21910578*, at *7. Similarly, in Amato, the Court dismissed a complaint under *18 U.S.C. § 2512* because there is no rationale for private recovery for possession. Amato, 2003 U.S. Dist. 12722, [WL] at *4, F. Supp. 2d ("mere possession of [] a device, as banned by *§ 2512*, creates no individualized harm and, thus, no justification for private recovery").

Amato relied on an older case, *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985), to support its conclusion. In Flowers, the Fourth Circuit vacated a jury verdict holding the defendant civilly liable under *18 U.S.C. § 2520* for a violation of *18 U.S.C. § 2512*. The Fourth Circuit noted that it was error to "permit[] the jury to consider . . . *18 U.S.C. § 2512* as a basis for imposing civil liability." *Flowers*, 773 F.2d 585, at 588. According to the Fourth Circuit in Flowers, "The express language of *§ 2520* is . . . not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of *§ 2512* but does not engage in conduct violative of *§ 2511*." *Id. at 589*. After the Fourth Circuit's decision in Flowers, the statute was amended to broaden its scope somewhat. Though the Amato court believed Flowers' logic "has not been affected[*6] by subsequent statutory amendments," *Amato, 2003 U.S. Dist. LEXIS 12722*, [WL] at *4, F. Supp. 2d , other courts have disagreed. See *Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F. Supp. 1019, 1028 (D. Neb. 1991) ("the 1986 amendments to *§ 2512* extended the statute's scope").

While Defendant's argument is compelling and not without support, the Court does not accept the proffered interpretation of the statute. In this Court's view, *18 U.S.C. § 2520* establishes a standing requirement to initiate suit and identifies the appropriate defendants. In order to initiate a civil action under this statute, the plaintiff must prove that it is a "person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." *18 U.S.C. § 2520(a)*. If the plaintiff can meet this standing threshold, it can then pursue relief from the appropriate defendant (i.e. "the person or entity . . . which engaged in the violation," *18 U.S.C. § 2520(a)*) for a violation of any of the subsections of *Chapter 119 of Title 18 of the U.S. Code*. n1

- - - - - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - - -

n1 *Chapter 119 of Title 18 covers sections 2510-2522.*

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

[*7]

This Court does not stand alone. Several other courts to consider this same issue have concluded that *18 U.S.C. § 2520(a)* does provide a private right of action for violations of *18 U.S.C. § 2512*. See *Oceanic Cablevision, Inc. v. M.D. Electronics, 771 F. Supp. 1019, 1027-29 (D. Neb. 1991)* (holding that plaintiff stated a cause of action under *§ 2520* for a violation of *§ 2512*); *Directv, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002)* (same). While this interpretation does provide a rather broad ability to bring the private right of action, granting this right of action decreases the burden on already overextended federal prosecutors to pursue criminal convictions under this statute. Moreover, potential plaintiffs whose electronic communications are being intercepted are equipped with the incentives to initiate litigation to protect their private interests. Granting that class of plaintiffs a broad right of action will help to guarantee the collapse of the manufacture, distribution, and use network for devices to intercept electronic communications.

CONCLUSION

For the reasons[*8] set forth in this opinion, Defendant's Motion to Dismiss Count III is denied.

Enter:

David H. Coar

United States District Judge

Dated: August 27, 2003