UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB 17 P 3: 06

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| DIRECTV, Inc, | ) |
| Plaintiff, | ) CIVIL ACTION 3:03CV00518-DJS |
| v. | ) |
| CHARLES DESKIN et al., Defendant | ) |

**MOTION OF PAUL CIOTTI TO STRIKE AFFIDAVIT OF STANLEY F. MCGINNIS, OR PARTS THEREOF**

COMES NOW Paul Ciotti ("defendant") and moves that for the following reasons this Honorable Court strike the affidavit of Stanley F. McGinnis in its entirety, said affidavit having been submitted by plaintiff in support of its opposition to defendant's motion for summary judgment. As grounds, defendant states that the affidavit does not comply with Fed. R. Civ. P. 56(e), insofar as it is not made on personal knowledge and does not show that the affiant is competent to testify to the matters contained therein. In the alternative, Mr. Ciotti moves that the statements set forth in paragraphs 14, 15, and 16 which purport to be expert opinion testimony be stricken because they are inadmissible in evidence and because plaintiff did not provide an expert report disclosing same.

## I. THE MCGINNIS AFFIDAVIT IS DEFICIENT UNDER FED. R. CIV. P. 56 (e) AND MUST BE STRICKEN.

### A. The affidavit is not made on personal knowledge.

Rule 56(e) of the Federal Rules of Civil Procedure mandates that "opposing affidavits shall be made on personal knowledge. . . ." The McGinnis affidavit does not so state. The affiant attests he is "fully familiar with the facts, circumstances and proceedings heretofore had herein," but this statement at best refers to familiarity with the *lawsuit,* not the averments of the affidavit itself.

### B. The affidavit contains no basis for finding that the affiant has personal knowledge of, or is competent to testify about, the matters stated therein.

Nor does the affidavit provide any basis for finding that it was, in fact, made on the affiant's personal knowledge, or that the affiant is competent to testify to the matters contained therein, as required by Rule 56(e). Indeed, the *only* statement which even speaks to the affiant's knowledge or competence is that he is president of a company which "provides consulting and signal security services to Plaintiff." By contrast, it sets forth no information whatsoever, for example, as to the actual nature of the services provided by his company, how long the services have been provided by the company, how long the affiant has been employed by or affiliated with the company in any capacity, much less as president, and how the affiant obtained first-hand knowledge of the matters asserted. Moreover, the affidavit is completely silent as to the affiant's education, training, or experience in *any* field which would purportedly provide him with the necessary background knowledge for addressing matters such as plaintiff's

technology and encryption system, how access cards work, the nature of the item purchased by defendant, and indeed all the matters contained in the affidavit.

## II. THE PURPORTED EXPERT OPINIONS SET FORTH IN PARAGRAPHS 14, 15, AND 16 MUST BE STRICKEN.

### A. The affidavit provides no basis for qualifying the affiant as an expert.

In paragraphs 14, 15, and 16 of the affidavit, the affiant purports to provide expert opinion testimony as to certain matters. In paragraph 14, he categorizes the item purchased by defendant as a "pirate" device "specifically designed and modified for and marketed and advertised as enabling unauthorized access to Plaintiff's proprietary signals and defeating electronic countermeasures ("ECMs") employed by Plaintiff." In paragraph 15, the affiant again labels the item in question a "pirate" device and states that it "allows [defendant] unauthorized access to Plaintiff's copyrighted proprietary signals while restoring DirecTV access cards damaged by electronic countermeasures and enabling the cards to again allow circumvention of Plaintiff's access control security." And, in paragraph 16, the affiant opines that "[t]he sole purpose of and use for such devices is to enable the user to received [sic] unauthorized satellite programming without making payment for such programming."

There is nothing in the affidavit which provides the Court with any basis for finding that the affiant would qualify as an expert competent to render such opinions. Indeed, the affidavit is utterly silent as to the affiant's education, background, and experience in any relevant field. Accordingly, the opinions in question would be inadmissible in evidence and thus may not be considered on summary judgment.

**B. <u>The affidavit provides no foundation for any of the affiant's opinions.</u>**

The affidavit fails to provide a foundation for any of the opinions advance by the affiant. It does not address how the affiant became familiar with "pirate" devices in general or the item purchased by defendant in particular. Nor does it provide any information as to the tests, research, and/or investigations conducted by the affiant to arrive at his specific conclusions (in fact, the affidavit does not even state that the affiant performed *any* tests, research, or investigations). Clearly, therefore, the affiant's statements contained in paragraphs 14, 15, and 16 of the affidavit – whether categorized as opinions or otherwise - are not admissible in evidence, and cannot be considered by the Court for purposes of the defendant's summary judgment motion.[1]

**C. <u>Plaintiff did not provide defendant with any expert reports as required by court order.</u>**

This Court's order of July 24, 2003, provided that plaintiff was to furnish defendant with any expert reports by September 24, 2003. No such reports were provided, thus preventing defendant from conducting any discovery with respect to such exert witnesses. Affidavit of Kenneth D. Quat, attached hereto as Exhibit A. Aside from the obvious prejudice to defendant, it would be entirely inappropriate to permit plaintiff to so flagrantly disregard a court order by permitting it to essentially "sneak in" an expert witness at this late stage of the litigation.

---

[1] In addition, the statement in paragraph 14 as to how the unlooper was "marketed and advertised" is inadmissible both because there is no foundation provided to support same and because it is pure hearsay. Therefore, it cannot be considered on summary judgment. Fed. R. Civ. P. 56(e).

## CONCLUSION

For all the above reasons, defendant Paul Ciotti respectfully requests that the affidavit of Stanley F. McGinnis be stricken in its entirety, or in the alternative with respect to the purported opinions set forth in paragraphs 14, 15, and 16 of same.

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512


Connecticut address pursuant to Local Rule 83.1(c):


Mirto, Ketaineck, Barrett & DiCrosta, P.C.
P.O. Box 428
West Haven CT 06516


Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Wayne D. Lonstein, Esquire, Lonstein Law Office, P.O. Box 351, Ellenville NY 12428.

_____

Dated: 2/13/04

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action 3:03CV0518-DJS |
| | ) | |
| | ) | |
| CHARLES DESKIN et al., | ) | |
| | ) | |
| Defendant | ) | |

### AFFIDAVIT OF KENNETH D. QUAT, ESQUIRE

I, Kenneth D. Quat, Esquire, hereby depose and state on oath:

1. I am the attorney of record for the defendant, Paul Ciotti, in this action. I make this affidavit on personal knowledge.

2. In the course of this action I have not received any documents or materials from plaintiff's counsel purporting to be expert reports within the scope of Fed. R. Civ. P. 26(a)(2)(B).

Signed and sworn to under the pains and penalties of perjury.

_____
Kenneth D. Quat

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

Then personally appeared before me Kenneth D. Quat and made oath that the matters contained in the foregoing affidavit are true and correct and that he signed same as his free act and deed.

Notary Public STEPHEN E. MELTZER
M.C.E.         10/13/2006

Dated: February 13, 2004

2