UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB 17  P 3: 06

U.S. DISTRICT COURT
HARTFORD, CT.

DIRECTV, INC.,         )
                       )
       Plaintiff       )
                       )
v.                     )       Civil Action 3:03CV0518-DJS
                       )
                       )
CHARLES DESKIN et al., )
                       )
       Defendant       )


## DEFENDANT PAUL CIOTTI'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7(d), defendant Paul Ciotti hereby submits this brief in reply to plaintiff's memorandum of law in opposition to his motion for summary judgment.

### Argument

**I. PLAINTIFF HAS NOT PRESENTED ANY SPECIFIC, ADMISSIBLE FACTS SUFFICIENT TO WITHSTAND SUMMARY JUDGMENT ON COUNTS I AND II OF THE COMPLAINT.**

In order to prevail on its claim under 47 U.S.C. §605(a), plaintiff must be able to establish that defendant intercepted or assisted others in intercepting plaintiff's satellite signal. In order to prevail on its claim under 18 U.S.C. §2511(1)(a), plaintiff must be able to establish that defendant intercepted, attempted to intercept, or procured others to intercept its satellite signal. Defendant has denied engaging in any such activity, and in fact has attested that he purchased the device in question (an unlooper) purely for work-

related purposes and that "until being sued in this case [he] did not know that an unlooper could be used to help intercept a satellite signal." Defendant's Affidavit, ¶4.

Plaintiff has not produced any evidence to the contrary. First, it is important to note what plaintiff does *not* dispute in its opposition. According to its Local Rule 56(a)(2) Statement, plaintiff does not dispute that it: (i) never observed defendant intercepting its signal (¶8); (ii) never observed defendant modifying or using the unlooper (¶9); (iii) has no knowledge of what, if anything, defendant did to allegedly assist third parties in intercepting plaintiff's signal (¶11); and (iv) has no evidence that defendant ever possessed, manufactured, or created any computer programs or scripts capable of use in intercepting plaintiff's signal (¶13).[1]  Second, plaintiff's opposition is utterly silent with respect to the following additional facts set forth in defendant's affidavit: (i) defendant acquired the unlooper solely in connection with his employment (¶3); (ii) the unlooper did not come with any directions or software (¶3); (iii) defendant could not understand how the unlooper functioned and could never get it to work (¶3); (iv) defendant never used the unlooper for any purpose (¶3); (v) defendant did not possess the receiver (IRD) or access card necessary for receiving plaintiff's signal (¶6), and (vi) the website from which defendant ordered the unlooper made no mention of satellite interception (¶7).  And, finally, although plaintiff says in its Rule 56(a)(2) statement that it disputes defendant's contention that "[p]laintiff has no knowledge of the signals or programs which defendant allegedly received without paying for same," plaintiff in fact admitted to such fact in its responses to defendant's requests for

---

[1] In this regard, it should be noted that while plaintiff's opposition describes the subject device as an unlooper "with SU2 Code" (Opposition, p. 3), there is no basis anywhere in plaintiff's papers for such an assertion. Moreover, in his answer defendant specifically denied that the unlooper in question came with "SU Code" (Exhibit A, paragraph 8) and has attested that no software of any kind was furnished with it. Defendant's Affidavit, ¶3.

admissions. *See* Defendant's Motion for Summary Judgment, Exhibits A and B. With respect to both Counts I and II, therefore, plaintiff has utterly failed to meet its burden under Fed. R. Civ. P. 56(e) of setting forth "specific facts" showing that defendant engaged in some unlawful activity. Accordingly, there are no genuine issues of material fact with respect to Counts I and II of the complaint, and summary judgment should therefore be entered for defendant on both counts.[2]

## II. PLAINTIFF HAS NOT PRODUCED ANY ADMISSIBLE EVIDENCE TO ESTABLISH A PRIMA FACIE CASE UNDER COUNT III OF THE COMPLAINT.

Count III of the complaint sets forth a claim under 18 U.S.C. §2512(1)(b), a criminal statute which prohibits, *inter alia,* the possession of certain devices under certain circumstances. In his motion for summary judgment, defendant argued that there is no private cause of action for a violation of this statute. 18 U.S.C. §2520(a). However, even if the Court finds that there is such a private cause of action, defendant is nonetheless entitled to summary judgment as a matter of law.

By its plain language, a violation of section 2512(1)(b) does not lie unless the person carried out the alleged unlawful activity (in this case, possession) while *"knowing or having reason to know* that the design of such device renders it primarily useful for the

---

[2] Indeed, plaintiff's opposition seems to be premised entirely on the argument that defendant's purchase of an unlooper is alone sufficient to establish that he violated both of the federal statutes in question. This position is unfounded as both a matter of fact and law. First, plaintiff has not offered any factual support for its contention that "an unlooper does not have a legitimate function" (Opposition, p. 3), since the only purported basis for such a claim – the McGinnis Affidavit – does not comport with Rule 56(e). *See* Defendant's Motion to Strike Affidavit of Stanley F. McGinnis, filed herewith. Second, in his affidavit (¶ 15), defendant has denied possessing both the necessary hardware and software for receiving plaintiff's signal, and plaintiff has proffered no evidence to the contrary. And, third, as a matter of law a fact-finder cannot reasonably infer unlawful interception from the mere purchase or possession of a device, especially since there is no evidence to dispute plaintiff's entirely lawful objective in acquiring same or the fact that it was marketed to him for purely proper uses. Defendant's Affidavit, par. 3, 4. *See DirecTV v. Bush,* Case H-03-1765 (S.D. Tex., Oct. 24, 2003); *DirecTV v. McFadden,* Case 1:02-CV-924 (W.D.Mich., Oct. 22, 2003)(summary judgment granted to defendants where plaintiff produced no evidence beyond defendant's alleged purchase of a "pirate" device).

3

purpose of the surreptitious interception of wire, oral, or electronic communications." (emphases added). As a threshold matter, plaintiff has not produced any competent evidence that the design of the item in question – an unlooper – in fact makes it "primarily useful" for intercepting a satellite signal. *See* Defendant's Motion to Strike Affidavit of Stanley F. McGinnis. However, even if plaintiff could cross this threshold, plaintiff cannot establish that defendant knew or had reason to know that this was the nature of the unlooper's design. In his affidavit, defendant attests that until being sued in this case he had no idea the unlooper could be used to help intercept a satellite signal, and that in fact there was no reference to any such use on the website from which defendant ordered it. Defendant's Affidavit, ¶4. Plaintiff has set forth no facts whatsoever, admissible or otherwise, to contradict these assertions. As a result, it cannot defeat defendant's motion for summary judgment on Count III of the complaint.

## CONCLUSION

For all the foregoing reasons, as well as those briefed in defendant's motion, defendant is entitled to summary judgment as a matter of law on each count of the complaint.

Respectfully submitted:

_____
Kenneth D. Quat
9 Damonmill Squre, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
CT #24512

Connecticut address pursuant to Local Rule 83.1(c):

> Mirto, Ketaineck, Barrett & DiCrosta, P.C.
> P.O. Box 428
> West Haven CT 06516

### Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Wayne D. Lonstein, Esquire, Lonstein Law Office, P.O. Box 351, Ellenville NY 12428.

Dated: 2/13/04

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, INC., | ) |
| Plaintiff | ) |
| v. | ) Civil Action 3:03CV0518-DJS |
| CHARLES DESKIN et al., | ) |
| Defendants | ) |

## ANSWER OF PAUL CIOTTI AND JURY DEMAND

COMES NOW the defendant Paul Ciotti, through counsel undersigned, and answering the plaintiff's complaint states:

1. Defendant lacks sufficient information to admit or deny the allegations of paragraph 1, and therefore denies same.

2. Defendant lacks sufficient information to admit or deny the allegations of paragraph 2, and therefore denies same.

3. Defendant denies the allegations of paragraph 3

4. Defendant lacks sufficient information to admit or deny the allegations of paragraph 4, and therefore denies same.

5. Defendant admits the allegations of paragraph 5 as to the residence of Paul Ciotti and as to Paul Ciotti being a current or past subscriber to DIRECTV, but denies all remaining allegations of said paragraph.

6. Defendant lacks sufficient information to admit or deny the allegations of paragraph 6, and therefore denies same.

7. Defendant lacks insufficient information to admit or deny the allegations of paragraph 7, and therefore denies same.

8. Defendant admits that he purchased and received an "unlooper" from VTEC, but denies that it included "SU2 Code." Defendant lacks sufficient information to admit or deny the alleged date of purchase, and therefore denies same.

9. Defendant lacks sufficient information to admit or deny the allegations of paragraph 9, and therefore denies same.

10. No response to paragraph 10 is called for.

11. Defendant admits the jurisdictional allegations of paragraph 11, but denies that he engaged in any conduct which constitutes or gives rise to any cause of action subject to the jurisdiction of the Court.

12. Defendant admits the jurisdictional allegations of paragraph 12, but denies that he engaged in any "events" which constitute or give rise to any cause of action subjecting him to the personal jurisdiction of this Court.

13. In response to paragraph 13, defendant restates his answer to paragraphs 1 – 12.

14. Defendant denies the allegations of paragraphs 14-16.

15. In response to paragraph 17, defendant restates his answer to paragraphs 1 – 16.

16. Defendant denies the allegations of paragraphs 18-20.

17. In response to paragraph 21, defendant restates his answer to paragraphs 1 – 20.

18. Defendant denies the allegations of paragraphs 22 – 25.

**First Affirmative Defense**

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any and all claims asserted in the complaint are barred by the relevant statutes of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred by estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred by laches.

### Fifth Affirmative Defense

Plaintiff's claims are barred by its failure and refusal to mitigate damages.

WHEREFORE, defendant prays that this Honorable Court dismiss the complaint, award defendant attorney's fees and costs of suit, and award defendant such additional relief as the Court shall deem just and proper.

### JURY DEMAND

Defendant requests trial by jury on all issues and claims so triable.

_____
Kenneth D. Quat
132 Great Road, Suite 200
Stow MA 01775
978-823-0620
978-823-0621 (fax)
kquat@rcn.com

Conn. Fed. Bar Number: ct24512
(admission pending)

Dated: June 12, 2003

3