UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

------------------------------------------------------
DIRECTV, INC.,
a California corporation,

                Plaintiff,

- against -

CHARLES DESKIN, *et al.,*

                Defendants.
------------------------------------------------------

**PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AFFIDAVIT**

Civil Action No. 3-03-CV-00518 DJS
Honorable Dominic J. Squatrito

Plaintiff, DIRECTV, INC., respectfully submits the within opposition to Defendant **PAUL CIOTTI'S** Motion to Strike Affidavit of Stanley F. McGinnis, or Parts Thereof, in its entirety. Stanley F. McGinnis' Affidavit, submitted in support of Plaintiff's opposition to Summary Judgment, comports with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure and should not be stricken.

**MCGINNIS' AFFIDAVIT IS SUFFICIENT PURSUANT TO**
**RULE 56(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Contrary to Defendant's position, the Affidavit of Stanley F. McGinnis, submitted in support of Plaintiff's opposition to Summary Judgment, comports fully with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure and, as such, should not be stricken. In his Motion, Defendant alleges that Mr. McGinnis' Affidavit is not made on personal knowledge. To the contrary, Mr. McGinnis' Affidavit clearly states that, as the president of the company that "provides consulting and signal security services to Plaintiff," his is "fully familiar with the facts, circumstances and proceedings" in this matter. It is not necessary for Mr. McGinnis' Affidavit to quote Defendant's language, rather, it is only necessary for Mr. McGinnis to demonstrate the basis for his knowledge of the matter. It appears to Plaintiff to be indisputable that Mr. McGinnis has established that he has personal knowledge, as Plaintiff's consultant and the president

of its signal security company, of the averments of the Affidavit and the matter before the Court. This statement does not in any way imply that he is familiar with the lawsuit only.

Indeed, Mr. McGinnis' Affidavit does not refer to the lawsuit itself. Rather, the Affidavit establishes the procedures followed by Plaintiff, working in conjunction with Mr. McGinnis' company, to thwart the theft of Plaintiff's proprietary signals.

### MCGINNIS DOES NOT PURPORT TO BE AN EXPERT

Defendant further alleges that Mr. McGinnis' Affidavit, or portions thereof, should be stricken because Mr. McGinnis is not an expert and his Affidavit contains expert information. Mr. McGinnis' Affidavit does not provide a basis for qualifying him as an expert because he does not purport to be an expert. Mr. McGinnis is presented as a fact witness and his Affidavit contains no information that requires that he be qualified as an expert.

The information contained within Mr. McGinnis' Affidavit "sets forth facts as would be admissible in evidence and...show[s] affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Any contact with the world of satellite signal theft will demonstrate that the unlooper purchased by Defendant from Vector Technologies on March 7, 2001, is developed, marketed and sold with the intent that it be used to intercept and receive proprietary signals such as Plaintiff's without making payment for those signals. Likewise, knowledge of the technology that makes the satellite dish, receiver and smart card function is not necessarily within the realm of an expert. To the contrary, any purchaser of a satellite system can receive the same information from the entity from which he purchases the equipment or that which installs it. Possession and an understanding of this information does not render one an expert. There is nothing hyper technical, scientific or specialized about this knowledge. Fed. R. Evid. 701(Advisory Committee Notes 1972).

Plaintiff has not listed Mr. McGinnis as an expert in preparation for trial because, as previously stated, Mr. McGinnis will testify at trial as a fact witness, offering testimony consistent with the information

contained within his Affidavit. Rule 701 of the Federal Rules of Evidence permits him to do so if his "opinions or inferences are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Mr. McGinnis does not purport to be an expert pursuant to Rule 702 of the Federal Rules of Evidence, the testimony he offers being neither technical, scientific nor specialized.

Significantly, Mr. McGinnis' position as Plaintiff's consultant and provider of security systems places him in a position in which he is daily in contact with Plaintiff's security systems and measures, as well as the equipment with which satellite pirates intercept and receive Plaintiff's proprietary signals, which provides him with first-hand knowledge of the systems and procedures. This knowledge helps the trier of fact understand the security issues faced by this industry. When lay opinions are based on the lay witness' "personal observations of the incident in question and background information ...acquired through earlier personal observations" lay opinions are admissible under Rule 701 of the Federal Rules of Evidence. Plastics, Inc. v. Eastern Creative Industries, Inc., 2004 U.S. Dist . LEXIS 2311 (S.D.N.Y. February 18, 2004)(citations omitted). "Moreover, a witness' experience and specialized knowledge obtained in his...vocation should certainly be taken into consideration." Id. at 24.

### PARAGRAPHS 14, 15 AND 16 OF MR. MCGINNIS' AFFIDAVIT SHOULD NOT BE STRICKEN

Defendant, in his Motion, specifically addresses paragraphs 14, 15 and 16 of Mr. McGinnis' Affidavit and asks the Court to strike them as expert opinion. As discussed earlier, paragraph 14 of Mr. McGinnis' Affidavit contains relatively common knowledge:

> In conjunction with a law enforcement investigation of an entity doing business as Vector Technologies, it was documented that Defendant acquired, purchased or otherwise obtained a pirating device, specifically a Vector Super Unlooper with SU2 code, which was specifically designed and modified for and marketed and advertised as enabling unauthorized access to Plaintiff's proprietary signals and defeating electronic

countermeasures ("ECMs") employed by Plaintiff.

Any purchaser of an unlooper is fully aware of the capability of the device since the purpose and function of an unlooper is well known within the satellite pirate community. Likewise, there is no expert knowledge required for the statement made in paragraph 15 of Mr. McGinnis' Affidavit:

> The pirate device purchased by Defendant allows him unauthorized access to Plaintiff's copyrighted proprietary signals while restoring DirecTV access cards damaged by electronic countermeasures and enabling the cards to again allow circumvention of Plaintiff's access control security.

This is common knowledge within the satellite piracy community and does not contain one word of information that is not common knowledge to satellite pirates, most of whom are relatively average citizens, aside from the fact that they steal satellite signals.

Finally, paragraph 16 of Mr. McGinnis contains information offered by Courts of law, not scientists or technicians:

> As discussed in Plaintiff's attached Memorandum of Law, Courts have determined that there is no legitimate use for such devices. The sole purpose of and use for such devices is to enable the user to received unauthorized satellite programming without making payment for such programming.

Courts have determined that devices such as that possessed by Defendant have no legitimate use. In making their determinations, Courts rely on testimony offered by Plaintiffs and Defendants, as well as common sense application of such information to the facts and circumstances surrounding the possession of the devices. Time Warner Cable of New York City v. Edda Barbosa,, 2001 U.S. Dist. LEXIS 58 (2d Cir. 2001); Time Warner v. Worldwide Electronics, L.C., 50 F. Supp. 2d 1288 (S.D. Fla. 1999); Time Warner v. Freedom Electronics, Inc., 897 F.Supp. 1454, 1459 (S.D. Fla. 1995); Subscription Television of Greater Washington v. Kaufmann, 606 F. Supp. 1540, 1542-3 (D.C.D.C. 1985).

## CONCLUSION

In conclusion, Plaintiff respectfully requests that the Court deny Defendant **PAUL CIOTTI'S**

Motion to Strike Affidavit of Stanley F. McGinnis, or Parts Thereof, in its entirety, as Mr. McGinnis does not offer the Affidavit as an expert, and for such other and further relief as the Court deems just and proper under the circumstances.

Dated:  March 2, 2004
       Ellenville, New York        /s/ Wayne D. Lonstein
                                            Wayne D. Lonstein (Federal Bar No. 19973)
                                            LONSTEIN LAW OFFICE, P.C.
                                            Attorneys for Plaintiff
                                            1 Terrace Hill, P.O. Box 351
                                            Ellenville, NY 12428
                                            Telephone: (845) 647-8500
                                            Facsimile: (845) 647-6277
                                            *Our File No.  DTV-3CT-02*

## CERTIFICATE OF SERVICE

     This is to certify that the foregoing Opposition to Motion to Strike was duly served upon the following by regular mail, postage prepaid, on March 3, 2004:

Kenneth D. Quat, Esq.
Damonmill Square, Suite 4A-4
9 Pond Lane
Concord, MA 01742

                                            /s/ Wayne D. Lonstein
                                            Wayne D. Lonstein