UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION 3:03CV00518-DJS |
| ) | |
| v. ) | |
| ) | |
| ) | |
| ) | |
| CHARLES DESKIN et al., ) | |
| Defendant ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF STANLEY F. MCGINNIS**

Pursuant to Local Rule 7(d), Paul Ciotti ("defendant") hereby submits this reply brief to plaintiff's opposition to his motion to strike the affidavit of Stanley F. McGinnis.

### Introduction

Defendant has moved to strike the affidavit of Stanley F. McGinnis on the grounds that it is not made on personal knowledge and purports to furnish expert testimony which is without foundation and which was not disclosed to defendant in a written report as required under the rules of court and this Court's order of July 24, 2003. Plaintiff has filed an opposition in which it does not dispute that it did not designate McGinnis as an expert and did not produce a report pursuant to Fed. R. Civ. P. 26(a)(2)(B); instead, plaintiff contends simply that it breached no discovery obligations because McGinnis is not offered as an expert, only as a "fact witness." For the following reasons, plaintiff's argument is specious and the affidavit must be stricken.

## I. THE MCGINNIS AFFIDAVIT CLEARLY PURPORTS TO BE EXPERT TESTIMONY.

Federal Rule of Evidence 702 is the starting point for what constitutes expert testimony. The Rule reads in relevant part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . .

The rule is "broadly phrased," i.e., "not limited merely to the 'scientific and 'technical' but extend to all 'specialized' knowledge.'" Advisory Committee Notes to Rule 702.

A mere cursory review of the relevant portions of the McGinnis affidavit shows that it falls well within the scope of the Rule. For example, paragraph 9 of the affidavit contains an extremely detailed, technical description of satellite encryption technology:

> After a subscriber installs the dish, integrated receiver descrambler, or IRD, and access card at his home or business, the access card blocks access to Plaintiff's programming until the subscriber purchases one or more programming packages from Plaintiff. When the subscriber subscribes to a package, Plaintiff electronically activates the subscribers [sic] access card in accordance with that subscription. The access card then acts as a re-programmable microprocessor and uses "smart card" technology to both control which DIRECTV programming the subscriber is permitted to view; and to capture and transmit to DIRECTV the subscribers [sic] pay-per-view information.

This is not testimony about "facts," i.e., observations of events, such as defendant's conduct, which may shed light on the allegations in the complaint. To the contrary, it is "specialized" and "technical" information, unrelated to the specific "facts" of this case. This is *precisely* the kind of information subsumed under Rule 702: knowledge which

"will assist the trier of fact to understand the evidence...." Indeed, plaintiff's explanation actually makes the defendant's point for him:

> any purchaser of a satellite system can receive the same information [about the nature and functions of the technology] from the entity from which he purchases the equipment or that which installs it.

Opposition, p. 2. Defendant thus acknowledges that the technology and processes involved in satellite broadcasting are not within the grasp of ordinary persons, since at a minimum they must be explained by a seller or installer of such systems.

The statements in paragraphs 14, 15 and 16 of the affidavit go even further. In paragraph 14, the witness clearly purports to provide both expert-based fact *and opinion* about the kind of device allegedly purchased by the defendant (but not the *actual* device), saying it was "specifically designed and modified for and marketed and advertised as enabling unauthorized access to Plaintiff's proprietary signals and defeating electronic countermeasures ("ECMs") employed by Plaintiff." Here again, plaintiff makes the defendant's point for him. If, as plaintiff states, "the purpose and function of an unlooper is well known within the satellite pirate community," then by definition it is "technical" and "specialized" knowledge not within the common experience of laypersons. The statements and opinions set forth in paragraphs 15 and 16 are entirely similar in nature and dictate a similar conclusion.[1]

Federal Rule of Evidence 701 states unequivocally that lay opinions and inferences must be "(a) rationally based on the perception of the witness, and . . . (c) not

---

[1] In paragraph 15, the witness opines that the device in question "allows [defendant] unauthorized access to Plaintiff's copyrighted proprietary signals while restoring DirecTV access cards damaged by electronic countermeasures and enabling the cards to again allow circumvention of Plaintiff's access control security." And, in paragraph 16, he states: "The sole purpose of an d use for such devices is to enable the user to received [sic] unauthorized satellite programming without making payment for such programming."

3

based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Sub-section (c) of the Rule was specifically written "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Advisory Committee Notes to Rule 701, 2000 Amendments. The Committee went on to emphasize that the Rule was also written to ensure *"that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.CrimP. 16 by simply calling an expert witness in the guise of a layperson."* (emphases added). This is exactly what plaintiff is attempting to accomplish here.

The recent ruling in *Bank of China v. NGM LLC*, 2004 WL 293290, highlights the essential problem with the affidavit. There, the trial court admitted the testimony of a bank employee as a lay witness under Fed.R.Evid. 701. The witness supplied testimony in three areas: (a) the nature of certain transactions between the parties; (b) "the concept of a 'trust receipt' and how it works in the context of an international commercial transaction;" and (c) "that it is considered fraud when an importer presents a trust receipt to a bank to obtain a loan knowing that there were no real goods involved." The Court found that the first component of the testimony was admissible since it was based on the witness' "perceptions" and "grounded in the investigation he undertook in his role as a [bank] employee." However, the Court ruled the second two aspects of the testimony inadmissible because they "were not a product of his investigation, but rather reflected specialized knowledge he has because of his extensive experience in international banking." Accordingly, "explanations regarding typical international banking transactions or definitions of banking terms, and any conclusions that he made that were

4

not the result his investigation, were improperly admitted." The same result must obtain here, since it is not disputed that McGinnis did not observe, inspect or test the specific device at issue in this lawsuit, and nothing in the affidavit indicates that McGinnis carried out any observations, inspections, or tests particular to Mr. Ciotti or this individual case. Accordingly, since all of the material averments of the affidavit are not based on the witness' "perceptions," but in fact resulted from his "scientific, technical, or other specialized knowledge," the testimony is within the scope of Fed.R.Evid. 702 and all expert disclosure requirements therefore apply.

## II. BECAUSE MCGINNIS WAS NOT DISCLOSED AS AN EXPERT AND NO REPORT WAS PRODUCED, FED.R.CIV.P. 37(c)(1) REQUIRES EXCLUSION OF THE AFFIDAVIT FOR PURPOSES OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

Fed. R. Civ. P. 37(c)(1) states in pertinent part as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

In accordance with the plain language of the Rule, the directive to exclude witnesses and information not properly disclosed is "mandatory and self-executing." *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 59 (1st Cir. 2001). *See, Lamarca v. United States*, 31 F.Supp.2d 110, 122 (E.D.N.Y. 1998)(exclusion mandated by Rule 37(c)(1) is "self executing" and is an "automatic sanction"). It applies with "equal force" to motions for summary judgment as to hearings and trials. *Lohnes, supra*, 272 F.3d at 59.

As the Rule recites, an exception may only be made where the failure to disclose was with "substantial justification," or the failure was harmless. Neither of these factors

5

is present here. First, plaintiff has not even attempted to justify its failure to disclose, taking the position instead that it simply had no duty to do so, a position which is patently erroneous in view of the discussion in Section I, *supra*. And, second, plaintiff's failure to disclose can hardly be deemed harmless, since to this date plaintiff has still not complied with the expert disclosure requirement of Rule 26(a)2)(B), more than 5 months *after* expert reports were to be furnished to defendant under this Court's Order of July 24, 2003. As the Court declared in *Lohnes,* where plaintiff submitted an expert affidavit in opposition to a summary judgment motion 3 months after the close of discovery:

> The appellant's response to the motion to strike . . . was completely bereft of any explanation to identify the expert before the close of discovery, and prejudice is apparent. The appellant's failure to unveil his expert until after [defendant] had moved for summary judgment deprived [defendant] of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery. This is exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate.

*Lohnes, supra,* 272 F.3d at 60. There can be little doubt, therefore, that the "sneak attack" perpetrated by plaintiff more than 5 months past the discovery deadline should not be countenanced, and the McGinnis affidavit must be stricken. *Id.*

## CONCLUSION

For all the above reasons, as well as those set forth in the motion to strike, defendant Paul Ciotti respectfully requests that the affidavit of Stanley F. McGinnis be stricken in its entirety, or in the alternative with respect to the purported opinions set forth in paragraphs 14, 15, and 16 of same.[2]

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512

Connecticut address pursuant to Local Rule 83.1(c):

Mirto, Ketaineck, Barrett & DiCrosta, P.C.
P.O. Box 428
West Haven CT 06516

---

[2] Defendant reiterates the argument set forth in his motion that even if, *arguendo,* the affidavit does not constitute expert testimony, it nonetheless cannot be considered on summary judgment since the statements and opinions contained therein are utterly without foundation and thus not admissible in evidence Simply stated, the affidavit provides absolutely no basis for determining how the witness acquired the information provided, other than by virtue of serving as President of a company which "consulted" with plaintiff.

7

## Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Wayne D. Lonstein, Esquire, Lonstein Law Office, P.O. Box 351, Ellenville NY 12428

_____

Dated: 3/9/04