UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 18  P 12: 00
U.S. DISTRICT COURT
HARTFORD, CT.

DIRECTV, Inc, )
)
       Plaintiff, )   CIVIL ACTION 3:03CV0518-DJS
)
v. )
)
)
)
)
CHARLES DESKIN et al., )
       Defendants )
)

## MOTION OF CHARLES DESKIN TO VACATE DEFAULT JUDGMENT

COMES NOW Charles Deskin ("defendant"), through counsel undersigned, and moves this Honorable Court to vacate the default judgment entered against him on the ground that said judgment is void. Fed.R.Civ.P. 60(b)(4).

While motions to vacate default judgments "are left to the sound discretion of the Court," *Local 78, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Construction, Inc.*, 2003 WL 22052872 (S.D.N.Y.), "it is well established that default judgments are disfavored." *Percarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2nd Cir. 2001). Thus, motions to vacate default judgments "are to be granted liberally, with all doubts about whether to vacate the judgment resolved in favor of the moving party." *Local 78, supra.* It is axiomatic that "a default judgment entered against the defendant by means of improper service is void under Rule 60(b)(4)." *Id.*

The facts of the case at bar reflect that the default judgment entered against Mr. Deskin is void. Under Fed.R.Civ.P. 4(e), service of process may only be effectuated

upon a resident individual in accordance with Connecticut law or "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . " Connecticut law provides that service may be made "by leaving a true and attested copy of [process], including the declaration or complaint, with the defendant, or at his usual place of abode. . . " General Statutes, Sec. 52-57. Here, the "Affidavit of Service" filed with the Court indicates that the complaint and summons were delivered to the address of 143 Washington Avenue, West Haven, Connecticut, where they were given to an individual named Martha Frosolone, described as a "co-tenant." Exhibit A. However, according to Mr. Deskin's affidavit, he has not resided at that address since the mid-1970s and, moreover, does not know any "Martha Frosolone." In his affidavit, Mr. Deskin confirms that he was never served with the summons and complaint. Deskin Aff., par. 3.[1] Consequently, plaintiff did not comply with the requirements of the federal or state rule to either deliver the summons and complaint to defendant personally or to leave them at his "dwelling house" or "usual place of abode."

Since "valid service of process was never effected on [defendant]," the default judgment is "void and unenforceable" and must be vacated. *Local 78, supra.*

---

[1] Mr. Deskin further points out that a second address for him was listed in the complaint – 149 Washington Avenue, West Haven – yet that has not been his residence since approximately 1992. Deskin Aff., par 3.

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512

Connecticut address pursuant to Local Rule 83.1(c):

> Mirto, Ketaineck, Barrett & DiCrosta, P.C.
> P.O. Box 428
> West Haven CT 06516

Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Wayne D. Lonstein, Esquire, Lonstein Law Office, P.O. Box 351, Ellenville NY 12428.

_____

Dated: 3/16/04

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## AFFIDAVIT OF SERVICE:

DIRECTV, INC., a California Corporation   Plaintiff(s) / Petitioner(s)

VS.                                        Case#: 303CV00518 DJS

CHARLES DESKIN, et al.                     Defendant(s) / Respondent(s)

STATE OF CONNECTICUT:
COUNTY OF FAIRFIELD:   S.S. Bethel
DAVID HIGGINS BEING DULY SWORN DEPOSES AND SAYS: That deponent is not a party to this action, is over the age of 18 years and resides in Wallingford, CT.
That on APRIL 24, 2003 at: 9:55AM
Deponent made due service of the within: SUMMONS IN A CIVIL CASE, COMPLAINT AND CORPORATE DISCLOSURE STATEMENT
On defendant named herein: CHARLES DESKIN
Address: 143 WASHINGTON AVE., WEST HAVEN, CT. 06516

____INDIVIDUAL: By delivering a true copy of each to said recipient personally; deponent knew or had reason to believe the person to be the individual described within.
____CORPORATION: By delivering thereat a true copy of each to _____ at the above address and he knew the person so served to be the _____ of the corporation and said person stated that they were authorized to accept on behalf of the corporation.
xxxSUITABLE AGE PERSON: By delivering thereat a true copy of each to MARTHA FROSOLONE (relationship)CO-TENANT, a person of suitable age and discretion. Said premises is defendant's xxxactual place of abode____actual place of business____dwelling house ____usual place of abode within the state.
____MAILING: Deponent also enclosed a true copy of each in a postpaid sealed wrapper properly addressed to the defendant at defendant's last known residence at _____ on _____ and deposited said wrapper in an official depository under exclusive care and custody of the United States Postal Service within the state where service was effected. The wrapper bore the legend "Personal and Confidential" and did not indicate on the outside, by return address or otherwise, that the communication concerned an action against the defendant.

DESCRIPTION: Deponent describes the individual served as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT |
|---|---|---|---|---|---|
| Female | White | Brown | 45-55 | 5'3 | 125lbs |

I asked Recipient if he/she was in active military service of the United States or the State of Connecticut in any capacity and received a negative reply. Said described individual was not wearing the uniform of any U.S. military force, nor did the deponent have reason to believe the said individual is currently serving in any U.S. military force.

Attest,

*David E. Higgins*
Deponent/Private Process Server

Sworn to before me on April 25, 2003

Keenia V. Rubin
NOTARY PUBLIC
State of Connecticut
My Commission Expires 12/31/07

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRECTV, Inc, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION 3:03CV0518-DJS |
| | ) | |
| v. | ) | |
| | ) | |
| , | ) | |
| | ) | |
| CHARLES DESKIN et al., | ) | |
| Defendants | ) | |

**AFFIDAVIT OF CHARLES DESKIN IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT**

I, Charles Deskin, hereby depose and state on oath:

1. My name is Charles Deskin. I am a defendant in this action. I make this affidavit on personal knowledge.

2. I was not aware of this lawsuit until receiving a phone call from an unidentified person late last year (2003). The person calling asked me if I was the "Charles Deskin" named in a lawsuit brought by DirecTV, and after I said I new nothing about this, he asked if I knew an attorney Ken Quat. The caller would not identify himself, and did not provide any other information. I then took steps to determine whether I had, in fact, been sued by DirecTV by locating and speaking with Attorney Ken Quat. After learning of this lawsuit and the judgment against me, I asked attorney Quat to represent me, since he is familiar with the subject matter, for a cost I could afford (my only income is from social security). Attorney Kenneth D. Quat has agreed to represent me in this matter.

3. The complaint filed in this action lists my residence as 149 Washington Avenue, West Haven, Connecticut. In the past I was a tenant at that address, but moved out over ten years ago (1992 I believe) and have not lived there since. In addition, I have reviewed the "Affidavit of Service" provided to me through my counsel. I do not know the "Martha Frosolone" listed in that affidavit. Moreover, the address listed - 143 Washington Avenue, West Haven – has not been my residence since the mid-1970s. I was never served with the summons and complaint in this action, and had no knowledge of same until receiving the telephone call described in paragraph 2, above.

4. I did not intercept DirecTV's satellite signal or engage in any other activity which would give rise to a claim against me by DirecTV. Should the default judgment against me be vacated, I intend in good faith to vigorously contest the allegations against me and to raise all defenses to which I am entitled under the law.

I hereby state on oath that the foregoing statements are true and correct to the best of my knowledge and belief.

_____
Charles Deskin

STATE OF CONNECTICUT
County of NEW HAVEN    ss: MILFORD

Then personally appeared before me Charles Deskin and made oath that the matters contained in the foregoing affidavit are true and correct and that he signed same as his free act and deed.

_____
Notary Public
M.C.E.

Dated: 3/9, 2004

JENNIFER BLEWETT
NOTARY PUBLIC
MY COMMISSION EXPIRES AUG. 31, 2005