UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG 10  P 6: 48

U.S. DISTRICT COURT
HARTFORD, CT.

DIRECTV, INC.,            :
    Plaintiff         :
                     :
V.                        :    No. 3-03-CV-00518(DJS)
                     :
CHARLES DESKIN, et al.,   :
    Defendants        :

## MEMORANDUM OF DECISION

Plaintiff DirecTV alleges that defendant Paul Ciotti purchased an unlooper from Vector

Technologies and used the device to gain unauthorized access to Plaintiff's proprietary signals in

violation of the Digital Millennium Copyright Act, 17 U.S.C § 1201(a)(1)(A), (a)(2), and (b)(1);

47 U.S.C. §605(a) and (e)(4); and 18 U.S.C § 2511(1)(a), §2512(1)(b). Defendant moves to

strike the entire Affidavit of Stanley F. McGinnis pursuant to Fed. R. Civ. P. 56(e). **[dkt. # 28]**.

In the alternative, defendant moves to strike paragraphs 14, 15 and 16 of the McGinnis affidavit.

For the following reasons, defendant's motion is **GRANTED in part**.

## II. BACKGROUND

Plaintiff DirecTV is a broadcast satellite system offering television programming to

residential and business customers on a subscription and pay-per-view basis. To protect its

proprietary signal, DirecTV encrypts or electronically scrambles satellite transmissions and

requires each customer to create an account with DirecTV and obtain a DirecTV Access Card.

Upon activation of the Access Card by DirecTV, the customer can view those channels to which

the customer has subscribed or otherwise made arrangements to purchase.

Plaintiff alleges that Paul Ciotti ("Ciotti") possessed a satellite television service

reception dish and purchased a Vector Super Unlooper with SU2 Code from Vector

Technologies to gain unauthorized access to DirecTV's proprietary signals. In support of this allegation, plaintiff offers the affidavit testimony of its consultant, Stanley F. McGinnis ("McGinnis"). The proffered testimony establishes McGinnis as the president of Secure Signals International ("SSI") and explains tactics that SSI and DirecTV employ to limit programming access to authorized DirecTV subscribers.

SSI is a consulting firm that provides signal security services to DirecTV. In particular, SSI works with DirecTV to protect DirecTV's proprietary signals and to combat the unlawful interception of satellite services.

Defendant moves to strike the McGinnis affidavit in its entirety for lack of personal knowledge. In the alternative, defendant moves to strike portions of the affidavit for offering legal conclusions, inadmissible hearsay evidence and/or expert opinion by an individual who has not been qualified as an expert.

## III. DISCUSSION

### A. Standard

It is well-established that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). See also Union Ins. Soc'y of Canton, Ltd., v. William Gluckin & Co., Inc., 353 F.2d 946, 952 (2d Cir. 1965)(holding "affidavits in support of or in opposition to a motion for summary judgment must contain admissible evidentiary facts. Conclusory statements and statements not made on personal knowledge do not comply with the requirements of Fed. R. Civ. P. 56(e) and, therefore, may not be considered").

A motion to strike is appropriate if documents submitted in support of a motion for summary judgment are not made on the basis of personal knowledge or contain inadmissible hearsay or conclusory statements." Pokorne v. Gary, 281 F. Supp. 2d 416, 418 (D. Conn. 2003); Spector v. Experian Info. Sys., No. 3:01-CV-1955, 2004 WL 1242978, at *4 (D. Conn. June 2, 2004). However, the entire affidavit need not be stricken, United States v. Alessi, 599 F.2d 513, 514-515 (2d Cir. 1979), even if a party moves to strike parts of an affidavit that do not comply with the requirements of Fed. R. Civ. P. 56(e). Jewell-Rung Agency, Inc. v. Haddad Org., Ltd., 814 F.Supp 337, 339. (S.D.N.Y. 1993).

## B. The McGinnis Affidavit

Defendant contends that the entire Affidavit of Stanley F. McGinnis should be stricken for lack of personal knowledge. Plaintiff argues that McGinnis' work as the president of SSI and a DirecTV consultant provides him with the requisite personal knowledge necessary to make such an affidavit. "Generally, affiants have personal knowledge to testify about their experiences." Larouche v. Webster, 175 F.R.D. 452, 454 (S.D.N.Y. 1996). Hearsay and secondhand information do not constitute personal knowledge. Isaacs v. Mid Am. Body & Equip. Co., 720 F. Supp. 255, 256 (D. Conn. 1989). The court finds that McGinnis' experiences as the president of SSI enabled him to obtain firsthand, personal knowledge of the relationship between DirecTV and its consultant, SSI. McGinnis meets the personal knowledge requirement and can testify to the tactics SSI and DirecTV employed to protect DirecTV's proprietary signals. The entire affidavit need not be stricken. Defendant's motion to strike the Affidavit of Stanley F. McGinnis is denied.

## C. Paragraph 14

Defendant moves to strike Paragraph 14 of the McGinnis affidavit on the ground that it is

inadmissible hearsay.  "Hearsay is a statement, other than one made by the declarant while

testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed.

R. Evid. 801(c).  "Hearsay testimony that would be inadmissible if testified to at trial may not

properly be set forth in a Rule 56 affidavit accompanying a summary judgment motion."

Spector, 2004 WL 124978, at *5.

> In Paragraph 14, McGinnis asserts:

> In conjunction with a law enforcement investigation of any entity doing business
> as Vector Technologies, it was documented that Defendant acquired, purchased or
> otherwise obtained a pirating device, specifically a Vector Super Unlooper with
> SU2 code, which was specifically designed and modified for and marketed and
> advertised as enabling unauthorized access to Plaintiff's proprietary signals and
> defeating electronic countermeasures ("ECMS") employed by Plaintiff.

Here, McGinnis does not offer his own observations, but rather offers conclusions made by law

enforcement officials.

Paragraph 14 is inadmissible hearsay, even assuming that McGinnis based this statement

on personal knowledge he obtained while working with law enforcement to identify

manufacturers and users of unloopers.  See Bruchman v. Standard Chartered Bank, 997 F. Supp.

481, 488 (S.D.N.Y. Mar. 17, 1998)(finding that an affidavit was based solely on inadmissible

hearsay when the affiant testified to what his suppliers told him for the purpose of demonstrating

what they told him was true).  McGinnis does not discuss his personal observations or

experiences in the investigation, but only testifies to what the investigation documented without

establishing that he participated in compiling the findings of the investigation.  The court also

notes that no original, authenticated report documenting the investigation's findings was entered

onto the record.  Accordingly, Paragraph 14 does not meet the admissibility requirements of Fed.

R. Civ. P. 56(e). See, e.g., Sellers v. M.C. Floor Crafters, 842 F.2d at 639, 643 (2d Cir. 1988)("an

affidavit made on secondhand information and hearsay is not made on the 'personal knowledge" of the affiant for the purposes of Rule 56(e)"); Isaacs, 720 F. Supp. at 256.  Defendant's motion to strike Paragraph 14 is granted.

### D. Paragraph 15

Defendant argues that Paragraph 15 of the McGinnis Affidavit consists of expert testimony.  The language in question reads: "The pirate device purchased by defendant allows him unauthorized access to plaintiff's copyrighted proprietary signals while restoring DirecTV access cards damaged by electronic countermeasures and enabling the cards to again allow circumvention of Plaintiff's access control security."  Defendant contends that this testimony should be stricken because McGinnis was not qualified as an expert.  Plaintiff counters that McGinnis is testifying as a lay witness and that Paragraph 15 consists of common knowledge.

"Pursuant to Rule 701 of the Federal Rules of Evidence, if a witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited, *inter alia*, to those that are 'not based on scientific, technical, or otherwise specialized knowledge within the scope of Rule 702.'"  Wechsler v. Hunt Health Sys., Ltd., 198 F.Supp.2d 508, 529 (S.D.N.Y. April 2002).  Furthermore, the 2000 amendment to Fed. R. Evid. 701 "[d]oes not distinguish between expert and lay witnesses, but rather between expert and lay *testimony*." Fed. R. Evid. 701 advisory committee's note (emphasis in original).  "The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702. . . ." Id.  The court finds that Paragraph 15, which categorizes the unlooper as a "pirate device" and explains how the device can circumvent DirecTV's access system, is based upon scientific, technical, or other specialized knowledge and is subject to Rule 702 and its requirements for testimony by experts.

McGinnis does not meet the requirements under Rule 702 because he has not been presented or qualified as an expert witness. Fed. R. Evid. 702. McGinnis does not satisfy the requirements of Rule 702 and his testimony based upon scientific, technical or other specialized knowledge is inadmissible. Thus, Paragraph 15 is expert testimony and is stricken.

### E. Paragraph 16

Paragraph 16 of the McGinnis Affidavit states, "Courts have determined that there is no legitimate purpose for such devices [unloopers]." Defendant argues that this paragraph should be stricken because it is a legal conclusion.

Legal conclusions offered by both lay and expert witnesses are inadmissible. See High v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992); Media Sport & Arts s.r.l. and Fed'n Internationale de Basketball v. Kinney Shoe Corp., 1999 WL 946354, at *1 (S.D.N.Y. Oct. 1999). It is not for a witness to instruct the court on the law. The court further notes that conclusory witness testimony is not helpful because it "does not allow the court 'to know what the true facts are' because [such testimony] is composed of legal conclusions rather than factual assertions." United States Small Bus. Admin. v. Citibank, No. 94 Civ. 4259 (PKL), 1997 WL 45514, at *3 (S.D.N.Y. 1997). Thus, "[p]ortions of an affidavit stating ultimate facts or legal conclusions must also be disregarded." Id.

The court finds that McGinnis' observations regarding legal decisions relating to unloopers is conclusory and is therefore stricken. See Hollander v. Am. Cyanamid Co., 999 F.Supp. 252, 255 (D. Conn. 1998) (A court may strike portions of affidavits which are not made upon the affiant's personal knowledge, contain inadmissible hearsay, or make generalized conclusory statements). Defendant's motion to strike Paragraph 16 of the McGinnis Affidavit is granted.

**IV. CONCLUSION**

For the reasons set forth above, defendants' motion for to strike **[dkt. # 28]** is

**GRANTED in part**.  The court **GRANTS** defendant's motion to strike paragraphs 14, 15 and 16

of the Affidavit of Stanley F. McGinnis.  The court **DENIES** defendant's motion to strike the

entire Affidavit of Stanley F. McGinnis.


**IT IS SO ORDERED** at Hartford, Connecticut, this 10th day of August, 2004.

DOMINIC J. SQUATRITO
**UNITED STATES DISTRICT JUDGE**