UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

---------------------------------------------------------
DIRECTV, INC.
a California corporation,

              Plaintiff,

- against -

CHARLES DESKIN, et al

              Defendants.
---------------------------------------------------------

**AFFIDAVIT IN SUPPORT OF MOTION TO VACATE SUMMARY JUDGMENT PURSUANT TO RULE 60(b)**
Civil No. 3:03CV518 (DJS)

    1. Wayne D. Lonstein, a member of Lonstein Law Office, P.C., attorneys for Plaintiff, being duly sworn, deposes and says:

    2. Plaintiff respectfully submits that the matter in question was settled between the parties on March 7, 2005 and that full payment was made on March 18, 2005.

    3. The Motion to Dismiss was drafted and agreed to by both parties but not yet filed when the decision was handed down.

    4. The last item filed in the case was this Court's decision on August 10, 2004, nearly 6 months earlier. Had Plaintiff been aware a decision was being drafted Plaintiff would have alerted chambers to the lively settlement negotiations in progress.

    5. The practice in the Second Circuit "has been to vacate district court judgments when a settlement moots the controversy." <u>Nestle v. Chester's Market</u>, 756 F. 2d 280 (1985) citing <u>Amalgamated Clothing and Textile Workers Union v. J.P. Stevens &n Co.</u>, 638 F. 2d 7 (2nd Cir, 1980).

    6. In this case the settlement was already complete by the time the decision was made and therefore there was no case or controversy. In <u>Murphy v. Equifax,</u> 35 F. Supp. 200(D.Conn. 1999) case or controversy was analyzed. "Article III of the United States Constitution limits Federal Judicial authority to "Cases" and "Controversies" in U.S. Const. Art. III Section 2. Because of this constitutional limitation on judicial power

a court lacks subject matter jurisdiction over an action unless it presents an actual case or controversy. S. Jackson & Son v. Coffee, Sugar & Cocoa Exchange, 24 F. 3d 427 (2nd Cir. 1994)…Whenever it appears that the court lacks subject matter jurisdiction the court must dismiss the action Fed. R. Civ. P. 12(h)(3)…The constitutional case or controversy requirement, however, subsists throughout the entire litigation." The court lacked subject matter jurisdiction at the time the Summary Judgment was rendered and it is void under Rule 60(b).

WHEREFORE, Plaintiff prays that the Summary Judgment order signed March 29 be vacated.

Dated: April 7, 2005
      Ellenville, NY 12428

/s/ Wayne D. Lonstein
Wayne D. Lonstein

Sworn to before me this _7__
day of _April_____, 2005.

/s/ April Draganchuk
    *April Draganchuk*
*Notary Public State of New York*
*Registration No. 4945872*
*Residing in Ulster County*
*My Commission Expires Jan. 27, 2007*